624

## STATE OF TENNESSEE ex rel. D. W. MOULTON v. CARSON R. BLAKE et al.—357 S. W. (2d) 836.

Eastern Section.   October 21, 1961.

Certiorari Denied by Supreme Court February 8, 1962.

Earl S. Ailor, Knoxville, for plaintiff in error.

Anderson & Snepp, Knoxville, for defendants in error.

McAMIS, P. J. This suit was instituted in the Circuit Court of Knox County by the State, on relation of the State Highway Commissioner, against Carson R. Blake, et al., to condemn for highway purposes a tract of land which the State claims contains 1.52 acres and the defendants 2.2 acres. The Circuit Judge, sitting without a jury, fixed the damages on the basis of 2.2 acres and awarded

the property owner $31,000.00 for the land, buildings, and shrubbery, plus removal cost of $241.00. State ex rel., has appealed and assigned errors.

The first assignment is that the Court erred in considering land under fence but not included within the calls of defendants' deed, making the difference between the acreage of 1.52 claimed by the condemnor and 2.2 acres claimed by defendants.

We do not think this was error in view of the proof that all of the 2.2 acres claimed by defendants had been under fence since 1940; that no adverse claims had been asserted by the adjoining landowners and, in fact, that the boundary lines were so fixed and located as to enclose 2.2 acres by agreement with adjoining property owners. The State at one time seems to have recognized this as the correct acreage since one of its maps shows the property of defendant as containing 2.2 acres. There is no suggestion that the State has been forced or will be forced to pay for this land by the holders of the record title if there are such.

The second assignment is that the Court erred in not allowing petitioner's witnesses, after testifying as to the value of defendants' property, to testify on their direct examination that their opinions were in part based upon sales of comparable property in the vicinity about which they had knowledge. The Court excluded this line of proof only to the extent the witnesses were not allowed to testify as to specific sales on which they based their opinions. They were permitted to state, however, that they based their evaluation of defendants' property in part on their knowledge of sales of comparable property located in the vicinity of defendants' property.

Counsel for petitioner relies strongly on Railroad v. Hunton, 114 Tenn. 609, 88 S. W. 182. The assignment which was sustained in that case reads (page 624, 88 S. W. page 186):

"The seventh assignment makes the point that the circuit judge erred in refusing to allow the petitioners to show the prices at which other lots in the neighborhood of the lot in question had been sold, within a reasonable time prior to the taking of the land involved in the present case by the petitioner, *as a means of enabling the jury to place a proper estimate or valuation upon the land so involved.*"

We have italicized the point of distinction between that case and this. In that case evidence of sales of comparable property was offered as substantive proof of value, the question the jury had to determine and as such it was held competent. Here the evidence sought to be elicited was to bolster the testimony of the witnesses —not to guide the court in fixing upon a proper award.

The trial judge may have thought the question of the similarity of the properties and the nearness in **point** of time of other sales upon which the witnesses say they based their opinions could be better explored on cross examination.

In condemnation cases the trial court is allowed a wide discretion in passing upon matters relating to expert testimony. Lebanon etc. R. R. Co. v. Creveling, 159 Tenn. 147, 17 S. W. (2d) 22, 65 A. L. R. 440; State v. Rascoe et al., 181 Tenn. 43, 178 S. W. (2d) 392.

We can not say there was an abuse of discretion in refusing to permit the witnesses for condemnor to

mention on direct examination specific sales of other property upon which they, in part, based their opinions. The second assignment is accordingly overruled.

The third assignment is that the court erred in giving probative value to the testimony of certain property owners who allegedly admitted they did not know the value of the property and what property was selling for in the same vicinity as defendants' property.

■ All of the witnesses who expressed an opinion as to the value were property owners in Knox County or were persons of long experience as real estate dealers. As we have seen, the competency of witnesses on such matters rests largely within the discretion of the trial court. Without detailing the evidence on the qualification of these witnesses, we find no abuse of discretion in allowing them to testify.

The last assignment is that the Court erred in fixing the value of the property at $31,000.00 "when the real evidence should have been found to preponderate against such finding and judgment of the Court."

■ The argument in support of this assignment seems to be predicated on the fact that the two witnesses for condemnor who fixed the value of the property at $19,000.00 and $21,500.00, respectively, belonged to the Knoxville Real Estate Board and had taken special training to qualify themselves as appraisers while defendants' witnesses were not members of the Real Estate Board and had only the usual experience and training of real estate dealers. While there may be some force in this argument we can not say the evidence preponderates against the amount fixed by the Court.

Mr. Jones, a witness for defendants, had engaged in the real estate business for 40 years including buying, selling and appraising property. After detailing the advantages of defendants' property he fixed its value at $38,716.50.

W. M. Wilson, the next witness for defendants, is a builder of 14 years experience. He testified the cost of replacing the buildings on the property would be $31,000.00. No attack is made upon his qualifications. Mr. Cate, another contractor, estimated the reproduction cost at $32,300.00. The land itself was valued by most of the witnesses in excess of $10,000.00.

Witness Clayton had been in the real estate business in Knoxville for 38 years. After detailing his reasons, he appraised the property at $35,500.00.

Ray Idell, another of defendants' witnesses, had engaged in the general real estate business for 11 years. His appraisal was $38,300.00.

In addition Frank Preston and George R. Dempster neither of whom have engaged in the business of real estate brokers but who have bought and sold property extensively in Knox County fixed the value at from $43,00.00 to $46,000.00.

It must be borne in mind that the court is never bound by testimony of expert witnesses but gives to such testimony such weight and only such weight as it seems to merit. In this case the Court did not accept the valuations of the witnesses for either party but arrived at a median figure which was more than condemnor's witnesses thought the property was worth but less than the value fixed by defendants' witnesses. We do not feel we could arrive at a figure more just and fair.

We find no error and it results that all assignments must be overruled and the judgment affirmed.

Hale and Cooper, JJ., concur.