STATE of Tennessee, ex rel. DEPARTMENT OF TRANSPORTATION, Appellee,

v.

**Edward R. HARVEY, Appellant.**

Court of Appeals of Tennessee, Eastern Section.

Aug. 3, 1984.

Permission to Appeal Denied by Supreme Court Oct. 29, 1984.

Dale C. Workman, Knoxville, for appellant.

John J. Britton, Asst. Atty. Gen., Knoxville, for appellee; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

PARROTT, Presiding Judge.

The sole issue in this condemnation suit was the value of the property taken by the state. The landowner appellant, Edward Harvey, argues here that the jury verdict of $70,000.00 must be set aside because the trial judge committed reversible error. We affirm the trial court for the reasons set out below.

Appellant insists that the court erred in not enforcing his asserted right to discover the state expert's appraisals of adjacent property and in not permitting cross-examination concerning those appraisals. He urges as further error that he was not permitted to discover the state expert's appraisal sheets concerning his

own property. We begin analysis of appellant's discovery argument with T.R.C.P. 26 which grants appellant the right to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." T.R.C.P. 26.02(1). We find no case or statute which makes privileged the papers of the state expert appraiser and we will create no such privilege here. Moreover we believe that the appraiser's "worksheet" concerning the landowners property was "relevant to the subject matter involved" in this case. We therefore find that the trial judge erred in not requiring that the state expert produce his worksheet on the landowners property. However, under T.R.A.P. 36, error does not require reversal unless it "more probably than not affected the judgment or would result in prejudice to the judicial process." T.R.A.P. 36(b). Appellant's counsel cross-examined the state expert at great length concerning his appraisal of the taken property. Moreover, appellant alleges no unfair surprise here and requested no continuance after the expert's testimony at trial. On these facts we must conclude that the trial court's failure to require production of the worksheets was harmless error.

■ We are not convinced that the trial court erred in not requiring production of appraisals on adjacent property. There is no showing that those appraisals are relevant. The appraisals of adjacent property were not introduced as comparable sales, and indeed, the appraised value of the property is not probative of any price actually received in the sale of those properties. On these factors, we find that the trial court properly limited the scope of appellant's discovery concerning the adjacent property.

■ We believe that State, ex rel. Moulton v. Blake, et al., 49 Tenn.App. 624, 357 S.W.2d 836 (1962), forecloses appellant's argument concerning cross-examination of the state's expert on the adjacent property appraisals. Judge McAmis wrote in Moulton that "[i]n condemnation cases the trial court is allowed a wide discretion in pass-

ing upon matters relating to expert testimony. The Moulton court ruled that the trial judge could properly exclude direct examination of the state's expert in re sales of other property in the vicinity. We conclude that the trial judge in this case could prohibit cross-examination about adjacent property appraisals.

■ Appellant next argues that the trial judge erred in disallowing certified copies of deeds to show consideration paid in the sale of property. T.C.A. § 67–4–409(c) provides: "Any oath required in subsection (a) and (b) [as to value of, or consideration paid for, real property] of this section shall not be introduced in any proceeding had in connection with any condemnation action for the purpose of indicating the value of such real property." (Emphasis added.) (See also Love v. Smith, 566 S.W.2d 876 [Tenn.1978]). We believe that this subsection dictates that the copies which appellant sought to introduce be excluded.

■ Appellant also argues that the trial judge erred in not admitting changes in traffic patterns which occurred after a related taking. This Court held in State v. Hodges, 552 S.W.2d 400 (Tenn.App.1977) that, where the state took property for a project which subsequently required an additional taking, the enhanced value of the property due to the project was noncompensable in the second taking. There is sufficient evidence to justify the trial judge's conclusion that this property was part of the original project. We believe that the policy reasons enunciated by Judge Goddard in Hodges apply with equal force in this case and we therefore reject appellant's argument.

■ Appellants last issue is likewise without merit. He argues that the state's expert should not have been allowed to give a comparable sale opinion based only on the landowner's previous purchase of the taken property and in the alternative that he was improperly denied a jury instruction that the expert's testimony should be given only "slight probative value." We reject the first contention be-

cause the record shows that the previous purchase was not the sole basis for the expert's testimony. We deem the second contention waived because appellant's counsel cites no authority on point for the proposition that he was entitled to such a jury instruction.

The judgment of the trial court is affirmed, with costs taxed to the appellant.

SANDERS and FRANKS, JJ., concur.