Maria Graca **THOMAS**, Guardian of John Desouza Thomas

v.

**TRAWLER RED JACKET**, Inc.

Civ. A. No. 53–883.

United States District Court
D. Massachusetts.

Nov. 16, 1954.

Hyman K. Mintz, Boston, Mass., Max Kabatznick, Marvin N. Geller and Kabatznick, Stern & Gesmer, Boston, Mass., for plaintiff.

Thomas H. Walsh, Boston, Mass., for defendant.

ALDRICH, District Judge.

The question arises as to whether I should order the defendant to produce copies of statements taken by investigators employed by defendant's counsel. The prohibition of the Hickman case is not an absolute one even as to the "work product" of the lawyer himself. The matter is merely one of the relevant fac-

tors. Hickman v. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451; Bifferato v. States Marine Corp. of Delaware, D.C., S.D.N.Y., 11 F.R.D. 44. In this case the plaintiff suggests that two years delay in bringing the action was caused by the interference of a non-lawyer who originally sought to handle the matter, and that this delay has impaired counsel's making an adequate investigation.

As against this, defendant says that its own investigation was not made contemporaneously, and that it has already furnished the plaintiff with the names of all persons from whom it obtained statements. Defendant further says that all of these witnesses are equally available to the plaintiff.

Under these circumstances I shall not order the production of the statements at this time. If, however, plaintiff's counsel makes an affidavit to the effect that any witness is unable because of loss of memory now to give him a statement I will order the production of a statement taken by the defendant if close in time to the original occurrence. Pennsylvania R. R. Co. v. Julian, D.C.Del., 10 F.R.D. 452.