Rockingham,
No. 4625.

NEW CASTLE *v.* DOROTHY RAND *& a.*

Argued December 4, 1957.

Decided December 18, 1957.

*Waldron, Boynton & Waldron* and *Richard E. Dill* (*Mr. Dill* orally), for the plaintiff.

*Griffin, Harrington & Brigham* and *Robert Marvin* (*Mr. Harrington* orally), for the defendant Dorothy Rand.

KENISON, C. J.  Traditionally courts in New Hampshire have proceeded on the basic assumption that the orderly dispatch of judicial business is accomplished more efficiently where every plaintiff and every defendant is given adequate opportunity to properly prepare his case before trial.  *LaCoss* v. *Lebanon,* 78 N. H. 413; *Lefebvre* v. *Somersworth Co.,* 93 N. H. 354, 358; *State* v. *Cote,* 95 N. H. 108, 111.  Ever since the leading case of *Reynolds* v. *Fibre Co.,* 71 N. H. 332, 345, parties, under the discretionary control of the Trial Court, have been allowed to obtain information by means of discovery as well as depositions.  *Wheeler* v. *Wadleigh,* 37 N. H. 55.  The parties have not been required to oscillate between law and equity and they have been permitted to obtain evidence in preparation of their cases by motions in law actions as well as by bills in equity.  *Lincoln* v. *Langley,* 99 N. H. 158; *Therrien* v. *Company,* 99 N. H. 197; *Rosenblum* v. *Company,* 99 N. H. 267.

The defendant argues that depositions in perpetual remembrance cannot be used in pending actions since the plaintiff has an adequate and proper remedy by taking depositions in the common form under RSA ch. 517.  Reliance is placed upon the following sentence in *Dearborn* v. *Dearborn,* 10 N. H. 473, 474, decided in 1839:  "It is perfectly clear, that depositions taken *in perpetuam*

cannot ordinarily be used in pending suits." However, other statements in the opinion indicate a less restrictive view of what is now RSA ch. 518, providing for depositions in perpetual remembrance. "Our statute is silent as to the cases in which such depositions may be used; but we think they are clearly admissible in cases where the witness has deceased since the taking of the deposition, whether the action was pending at the time of the caption or not." *P.* 474. Again at page 475 appears the following: "The fact that the testimony [*in perpetuam*] might have been taken expressly for this case, in the common form, cannot preclude its use . . . . "

Whatever view is taken of the *Dearborn* case, *supra*, the statute was amended in Revised Statutes (1842) and has remained unchanged as it now appears in RSA 518:9, which reads as follows: "Use. Depositions in perpetual remembrance may be used in the trial of *any cause* wherein the matters concerning which they were taken are drawn in question; and in case they shall be lost or out of the possession and control of the party desiring to use them a copy of the record thereof may be used." (Emphasis supplied). The provision in the statute that a deposition in perpetual remembrance may be used in the trial of any cause indicates a legislative purpose to allow depositions in perpetual remembrance to be taken for use in pending as well as future cases if there is a likelihood that the testimony may not be subsequently available due to the age or physical condition of the prospective witness. Support for this construction of the statute was also indicated as early as 1888, when it was said in Justice & Sheriff, *p.* 193, that the word "any" in what is now RSA 518:9 "seems to make the deposition public property to be used by anybody having an interest." In *Petition of Central Vermont Public Service Corp.*, 115 Vt. 204, 208, it was held that a deposition in perpetual remembrance could not be used in a pending cause because its purpose was "in reality to aid in the preparation of his pending cause." In this state that would be an additional reason for the taking of such a deposition. Furthermore, we have never followed the Vermont rule which construes deposition statutes strictly. *Dole* v. *Erskine*, 37 N. H. 316, 329. *Taylor* v. *Thomas*, 77 N. H. 410; *In re Peters Estate*, 116 Vt. 32.

The right to take depositions under RSA ch. 517, the right to obtain discovery under RSA 498:1 and the right to take depositions in perpetual remembrance under RSA ch. 518 are not mutually exclusive so that the use of one necessarily precludes the use of

204

another. *Drake* v. *Bowles,* 97 N. H. 471, 473. Thus it has been decided that a special statute (RSA 516:9) providing for production of corporate records did not deprive the court of its equitable power to order discovery. *Ingram* v. *Railroad,* 89 N. H. 277. Nor is there anything in the history of our statutes to indicate that the use of depositions in perpetual remembrance was to be confined to the ancient practices in chancery. See *Arizona* v. *California,* 292 U. S. 341. "As between depositions *'de bene esse'* and *'in perpetuam memoriam,'* there are also to be found differences of rule uncalled for on principle. The statutes authorizing depositions of the latter sort have seldom enumerated the conditions of use, and the judicial precedents are rare." V Wig. Ev. (3rd. *ed.*) s. 1401, *p.* 147. See also, *Ib.,* s. 1417, *p.* 200: "Depositions *'in perpetuam memoriam'* ought to stand on precisely the same footing as other depositions, i. e. they are taken conditionally, to be used at the trial only in case the witness is not available." Since RSA 518:9 provides that they may be used in the trial of any cause there is no basis for implying that it cannot be used in pending actions. Inasmuch as the petition alleged sufficient reason for the taking, aside from the pending actions, the order for the taking of the depositions was properly entered.

The plaintiff's claim that the Court is without power to issue an injunction or to grant a stay in the taking of depositions in perpetual remembrance finds no support in our cases. *Poisson* v. *Manchester,* 101 N. H. 72, 75. Examination of the record and the exhibits does not show an abuse of discretion by the Trial Court in its refusal to grant an injunction against the taking of depositions in perpetual remembrance, nor in its allowance of a stay pending this appeal for the purpose of determining the legal question involved. Whether the depositions in perpetual remembrance were a necessary and expedient method of preparation for trial as claimed by the plaintiff, or whether they were unnecessary, oppressive and burdensome as claimed by the defendant rested primarily in the sound discretion of the Trial Court under the circumstances and facts of that particular case. *Reynolds* v. *Company,* 98 N. H. 251. Exceptions of both parties are overruled and the order is

*Remanded.*

BLANDIN, J., was absent; WHEELER, J., did not sit; the others concurred.