Bobby Harrison et al.

*v.*

Greeneville Ready-Mix, Inc.

417 S.W.2d 48.

(*Knoxville,* September Term, 1966.)

Opinion filed June 6, 1967.

S. J. MILLIGAN, of counsel, MILLIGAN, SILVERS & COLE-
MAN, Greeneville, for petitioner, Greeneville Ready-Mix,
Inc.

FRED M. HARTMAN, Greeneville, JOSEPH L. REED, of
counsel, REED & TERRY, Morristown, for respondent,
Bobby Harrison and others.

MR. CHIEF JUSTICE BURNETT, delivered the opinion of the Court.

This was a suit by Harrison for himself and on behalf of other employees of Greeneville Ready-Mix, Inc., similarly situated, brought against Greeneville Ready-Mix, Inc., seeking a recovery for alleged unpaid minimum wages and overtime compensation, liquidated damages and attorneys' fees. It was alleged that the defendant had failed to compensate these employees at the rate required by statute and had failed to compensate them for overtime work at the rate of one and one-half times the regular rate, it being alleged that at the time the work was being performed Ready-Mix's operation was within interstate commerce and thereby came within the provisions of the Fair Labor Standards Act. Subsequent to the bringing of this suit other parties caused themselves to be made parties plaintiff.

To this action the defendant made defense denying liability, etc., and alleging that all said employees had been paid all amounts to which they were justly entitled

and denied that they were engaged in commerce or the production of goods for commerce and denied that they came within the provisions of the Fair Labor Standards Act. The defendant likewise denied that any of the projects or construction to which Ready-Mix had furnished materials were at the time of delivery of said products instrumentalities of commerce, and alleged that their operation was exempt from the Act for the reason that it was a retail establishment; that the product which it manufactures was not for resale; that its sales are recognized as retail sales; that all of its product and annual dollar volume of sales of goods produced by it are made within the State of Tennessee, where its plant is located, and all of its sales are within this State. Ready-Mix likewise alleged that its deliveries made to contractors were so small that this did not bring it within the provisions of the Act and that therefore under the *de minimum* rule the Act is not applicable. The statute of limitations was likewise plead.

During the taking of discovery depositions by the plaintiffs of the President and Secretary of Ready-Mix, Inc., plaintiffs' counsel demanded the production of payroll records and other records reflecting the amount of concrete furnished certain contractors on the project, the time of delivery of same and the amount paid therefor by the subcontractor. On the advice of counsel, the production of said documents was refused. Consequently a motion was made to the court wherein it was alleged that under the Pre-trial Discovery Act of 1959, T.C.A. sec. 24-1201 et seq., plaintiffs were entitled to have the defendant produce its corporate records as demanded. A hearing was had on said motion and the trial court ordered their production.

As a result of this order the Ready-Mix corporation informed the court that they wished to file a petition in the Court of Appeals to ask that court to review and reverse by writs of certiorari and supersedeas the trial court's action in ordering the defendant to produce these records for discovery purposes. The Court of Appeals denied said application in a unanimous opinion and based their denial upon an opinion which they had previously written in a case from Hamilton County of *Southeastern Fleet Leasing, Inc., et al. v. Gentry,* 57 Tenn. App. 162, 416 S.W.2d 773, hereinafter to be referred to. As a result of the denial of the Court of Appeals a petition was presented to a member of this Court seeking writs of certiorari and supesedeas. In view of the importance of the matter these writs were granted and this question was set down for argument before this Court which has been had. After hearing oral arguments, reading briefs, and making a very extensive investigation of the matter, we are now in a position to decide this question.

Ready-Mix argues that this order of the trial judge to produce these records "was erroneous, illegal, void and beyond the jurisdiction of the court for the following reasons" and then it said T.C.A. sec. 24-1201 et seq., does not require a party to a suit to produce corporate records pursuant to a demand that same be exhibited to a pre-trial discovery and that such an order was unlawful and void because it deprives Ready-Mix and its counsel of their right to defend the lawsuit in an orderly and proper manner. We thus have the question squarely presented.

In *Southeastern Fleet Leasing v. Gentry,* supra, the Court of Appeals stated their reason for ordering the

production of certain records, different entirely from those here, as follows:

"As to the first question, T.C.A. 24-1204 reads:

" 'Scope of examination.—Unless otherwise ordered by the court as provided in 24-1205, 24-1206 the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. (Acts 1959, ch. 54, sec. 4.) '

"While it is true the Act does not in so many words require the physical production of 'documents' it expressly authorizes the examination of witnesses regarding the existence, description and nature of such tangible evidence. It would seem odd to say that a witness could be so examined but could not be required to produce for examination the evidence about which he is called upon to testify. We will not lightly ascribe to the Legislature such an oddity but will look to the spirit and purpose of the Act as revealed both in its caption and its body. Compare *Carter v. Jett,* 51 Tenn.App. 560, 370 S.W.2d 576, cited in *Medic Ambulance Service, Inc. v. McAdams,* 216 Tenn. 304, 392 S.W.2d 103, hereinbelow discussed.

"That purpose is to promote the ascertainment of truth by aiding a party in preparing for trial, to prevent surprise and insure as far as possible a trial on the merits, rather than upon fortuitous and unforeseen

developments at the trial. To adopt the construction urged in many cases would completely defeat the intent and purpose of the Act.

"In *Medic Ambulance Service, Inc. v. McAdams,* supra, the plaintiff sought to compel the Railway Company to produce statements taken by its claim agent from its crew members immediately following the accident. There was no showing that a subpoena had ever been served on the agent or that the plaintiff had shown any diligence in 'discovering for himself the material sought for inspection and copying'. On these grounds the order of the trial judge requiring the production of the material was held not warranted. However, in the concluding portion of the opinion the Supreme Court said:

" 'We observe, however, this opinion does not prejudice the right of plaintiff to further pursue the matter within the bounds and limitations of the Discovery Law of 1959.'

"Although not directly considered in the opinion the effect was to hold that documentary evidence on a proper showing may be discovered under the Act.

"The question was discussed in *Puckett v. Broome,* 53 Tenn.App. 663, 385 S.W.2d 762 in a portion of the opinion written by a single member of the court wherein the view was expressed that documents are per se excluded from discovery under the Act. The majority of the Court concurred in the result of the opinion but only on the ground that discovery of the document sought would constitute an unlawful interference with the contractual rights of the insurer of one of the parties. The opinion of the majority concludes:

" 'Except upon this ground, we would hold the order complained of to be within the discretion of the trial court and reserve for final determination on appeal whether the order is erroneous as beyond the purview of the statute.'

"Certiorari was denied by the Supreme Court September 4, 1964.

"Statutes authorizing discovery in actions at law are remedial in nature and are to be liberally construed in favor of disclosure of non-privileged material. *Greyhound Corp. v. Superior Court of Merced County*, 56 Cal.2d 355, 15 Cal. Rptr. 90, 364 P.2d 266; *State ex rel. Boswell v. Curtis* (Mo.App.), 334 S.W.2d 757; *Edgar v. Finley* (CA 8 Mo.), 312 F.2d 533; 23 Am.Jur.2d 475, Depositions and Discovery, Sect. 144.

"Although the courts are loathe to permit undue interference with private affairs, a party is not exempt from producing books and papers merely because they are private. Ib. Sec. 165."

We expressly adopt this language of the Court of Appeals in the opinion, which was written by Presiding Judge McAmis, as the language of this Court and as applicable to the factual situation presented in this lawsuit.

Counsel for the petitioner takes the position that the opinion in *Puckett v. Broome,* cited in the quotation from Judge McAmis' opinion, supra, is controlling and covers the present petition in all matters. We in denying certiorari in the *Puckett* case did so because we agreed with the majority holding in that case as said in the opinion of Judge McAmis, just quoted, and we also agree with

the reasoning therein that *Puckett v. Broome,* supra, is not applicable here.

■ At common law there was no such thing as discovery and the only way an order could be entered for the production of books or papers was to have a bill of discovery in chancery for the production of the documents in possession of the opposite party. Since the enactment of T.C.A. sec. 24-1101 authorizing a discovery at law a bill in equity for discovery in aid of a suit at law does not lie in this State.

■ In the absence of the discovery act herein under consideration (T.C.A. sec. 24-1201 et seq.) the parties, under T.C.A. sec. 24-1101, could have had a discovery at law in their lawsuit, but since the enactment of the Discovery Act (T.C.A. sec. 24-1201 et seq.) we think that taking a common sense viewpoint of the matter the Legislature intended by this Act to bestow a fairly broad discretion upon the trial court in these matters so as to prevent having to go through the formality of pleadings, etc., of a discovery at law. Corporate documents of corporation officers and corporations are subject to discovery or examination just as natural persons are subject thereto, and the books and records of corporations are subject to an order to produce them for inspection. 23 Am.Jur. 2d, Depositions and Discovery, sec. 168, page 507. In saying this we realize and recognize that the purposes of discovery are not to be subverted under the guise of exercise of discretion, but are to be given effect rather than authority because discovery should be encouraged, and it is perfectly reasonable and right that the parties should be required to produce said records in a factual situation as here presented. They are the only ones who have this information and as said above in *Southeastern*

*Fleet Leasing, Inc., et al, v. Robert R. Gentry,* supra, if they can be examined about these books why should they not produce the books giving this information? We think they should. In other words, we should construe this Act from a liberal standpoint, as all the courts seem to hold, and it is certainly right that it should be looked on in a favorable light from a liberal viewpoint, and under the factual situation here presented certainly discovery should be had.

We think that discovery in civil action is a proper procedural aid for the parties to use in their case in advance of trial and should be given a broad and liberal interpretation. The courts in modern times are encouraging the use of discovery and deposition because it operates with desirable flexibility under the discretionary control of the trial judge and this is the logical method of preventing surprise and permitting both the court and counsel to have an intelligent grasp of the issues to be litigated and knowledge of the facts underlying them. We say this ''on the basic assumption that the orderly dispatch of judicial business is accomplished more efficiently where every plaintiff and every defendant is given adequate opportunity to properly prepare his case before trial.'' *Town of New Castle v. Rand,* 101 N.H. 201, 202, 136 A.2d 914, 915. It is true that our Discovery Act is not as broad as Rule 34 of the Federal Rules of Civil Procedure which involves the production of documents and books, but we think the discretion given the trial judge under our Act allows him this right. When this discretion is exercised correctly under a proper state of facts and is not abused the appellate courts will not interfere with such an order. As we have stated herein the factual situation as presented in this case

seems to almost direct that such an order be given and it was not error to do so.

■■■ The entire Court agrees with the reasoning herein but the majority of the Court hold that the writ herein should not have been granted for the reasons set out in *Wattenbarger v. Tullock*, 197 Tenn. 279, 271 S.W.2d 628.

The judgment of the trial court in entering the order is affirmed and the petition for certiorari and supersedeas is dismissed at the cost of the petitioner, Greeneville Ready-Mix, Inc.