STATE OF TENNESSEE ex rel. DAVID M. PACK, Commissioner of Highways, Petitioner, v. WEST TENNESSEE DISTRIBUTING COMPANY, Respondent.—430 S.W.(2d) 355.

Court sitting en banc at Nashville. July 29, 1968.

George F. McCanless, Attorney General, John Van Den Bosch, Jr., of Jackson and Hanover, Hanover, Hanover, Walsh & Barnes, Memphis, Special Counsel, for petitioner State of Tennessee ex rel.

Jack Manhein, Sr., Jackson, for respondent.

Hewitt Tomlin, Jackson, amicus curiae.

McAMIS, P. J. This case is before the Court, convened en banc under Rule 23 of the Revised Rules of the Court of Appeals, to resolve a conflict between sections of the Court, certified to exist by a majority of the Western Section. The point of conflict concerns the right of a condemnee to discover appraisals in possession of the State Highway Department pertaining to the value of land sought to be condemned for highway purposes and

the right to examine expert witnesses on value and damages for discovery purposes.

The existence of a conflict having been judicially determined by the Western Section we are no longer concerned with that question. To review here the cases giving rise to the conflict would, therefore, not be profitable. Our present purpose is to put the question at rest and fashion a rule within the framework of the Discovery Statute, T.C.A. sec. 24-1201 et seq., which will best serve the administration of justice and then to apply the rule in the present case.

On March 13, 1968, the Circuit Judge, on application of the condemnee, entered an order requiring Billy Joe Tucker, Assistant Highway Engineer of the State Highway Department charged with the duty of appraising and negotiating for the purchase of property for right of way purposes, to give evidence on the taking of his discovery deposition ''relating to all appraisals made for petitioner of said defendant's damages and to procure, produce and file said appraisals or true copies thereof as exhibits to his testimony; and further that petitioner and/or petitioner's attorneys, it appearing that the latter now have possession of said appraisals, return same to said Billy Joe Tucker to the end that said official of the Tennessee Highway Department may give evidence with respect thereto and file said appraisals, or true and correct copies thereof as exhibits to his testimony.''

At this juncture the State filed the application now under consideration to supersede the order of the Circuit Court. In oral argument the State has contended, inter alia, that the order permits the condemnee to search through its files for the purpose of discovering privileged information and to appropriate the product of the State's

work in preparing the case for trial and that, in entering the order, the Circuit Court was acting in excess of its jurisdiction.

As appears from the order under review, in strictness, only the narrow question of the right of the condemnee to discover written appraisals in the files of the State is now involved. However, the case was presented in argument as involving the broader question of the right of a party in a condemnation proceeding to discover the expert testimony of his adversary by taking the deposition of his opponent's expert witnesses. We anticipate that this broader question will arise before the case is tried and, therefore, feel constrained to lay down at this time appropriate lines of procedure for the future guidance of the court.

T.C.A. sec. 24-1204 authorizes discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * * including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts."

In Puckett v. Broome, 53 Tenn.App. 663, 385 S.W.(2d) 762, the Circuit Judge ordered the defendant to produce his report to his insurance carrier of an accident and all written statements made by him to the insurance company relative to the accident. In the concurring opinion of the majority the order was superseded but only on the ground the defendant was required by contract to make such documents available to the insurance company and that the company's right to demand this information was privileged and amounted to a property right which could not be taken from it on discovery.

In Medic Ambulance Service, Inc. v. McAdams, 216 Tenn. 304, 392 S.W.(2d) 103, the plaintiff sought to compel the Railway Company to produce statements taken by its claim agent from its crew members immediately following the accident. There was no showing that a subpoena had ever been served on the agent or that the plaintiff had shown any diligence in "discovering for himself the material sought for inspection and copying". On these grounds the order of the trial judge requiring the production of the material was held unwarranted; but in the concluding portion of the opinion the Supreme Court said:

"We observe, however, this opinion does not prejudice the right of plaintiff to further pursue the matter within the bounds and limitations of the Discovery Law of 1959."

In Southeastern Fleet Leasing, Inc. v. Gentry, 57 Tenn.App. 162, 416 S.W.(2d) 773, the question of the discoverability of documents was again considered. In holding the plaintiff entitled to the production of a statement he had made while in the hospital regarding the accident involved in litigation, we said:

"(The) purpose (of the statute) is to promote the ascertainment of truth by aiding a party in preparing for trial, to prevent surprise and insure as far as possible a trial on the merits, rather than upon fortuitous and unforeseen developments at the trial. * * *"

In the same case we said:

"Statutes authorizing discovery in actions at law are remedial in nature and are to be liberally construed in favor of disclosure of non-privileged material. Greyhound 136 A.2d 914, 915, [70 A.L.R.2d 669]."

15 Cal.Rptr. 90, 364 P.2d 266; State ex rel. Boswell v. Curtis (Mo.App.) 334 S.W.(2d) 757; Edgar v. Finley (CA8 Mo.) 312 F.2d 533; 23 Am.Jur.2d 475, Depositions and Discovery, Sect. 144.

''Although the courts are loathe to permit undue interference with private affairs, a party is not exempt from producing books and papers merely because they are private. Ib. Sec. 165.''

■ In Harrison v. Greeneville Ready-Mix, Inc. 220 Tenn. 293, 417 S.W.(2d) 48, a suit to recover unpaid minimum wages, the Supreme. Court, after quoting at length from Southeastern Fleet Leasing, Inc. v. Gentry, supra, allowed discovery of the employer's records, overruling its contention that, since the Discovery Statute does not expressly authorize discovery of documents, no such right exists. In the course of the opinion the Court, speaking through Mr. Chief Justice Burnett, said:

''We think that discovery in civil actions is a proper procedural aid for the parties to use in their case in advance of trial and should be given a broad and liberal interpretation. The courts in modern times are encouraging the use of discovery and deposition because it operates with desirable flexibility under the discretionary control of the trial judge and this is the logical method of preventing surprise and permitting both the court and counsel to have an intelligent grasp of the issues to be litigated and knowledge of the facts underlying them. We say this 'on the basic assumption that the orderly dispatch of judicial business is accomplished more efficiently where every plaintiff and every defendant is given adequate opportunity to properly prepare his case before trial.' Town of New Castle v. Rand, 101 N.H. 201, 202, 136 A.2d 914, 915, [70 A.L.R.(2d) 669].''

The cases cited and discussed demonstrate that the courts of this state are committed to a liberal construction and application of the statute and that the grant or denial of discovery is reviewable as a discretionary action of the trial courts.

The Supreme Court has not ruled on the question of the right of a party to examine on discovery expert witnesses of his opponent, here at issue; and, as we have seen, the cases heretofore decided by this court are conflicting. Cases from other states are in conflict. Anno. 86 A.L.R.(2d) 138 et seq. A study of the collected cases, however, shows that the conflict is more apparent than real and is due in part to the varying statutory provisions and rules of court in the states where the question has been decided. Some states by statute expressly forbid the examination of expert witnesses. In others the right is recognized only upon a showing of good cause, as where it appears the information is unavailable from any other source and to deny discovery would seriously hamper the party seeking discovery in the trial of the case.

The Courts of a number of states adhering to the rule of liberal interpretation and application of discovery statutes hold that, unless forbidden by statute, discovery of expert witnesses in condemnation cases is generally allowable in the discretion of the trial court.

In State ex rel. Reynolds v. Circuit Court of Waukesha County, 15 Wis.(2d) 311, 112 N.W.(2d) 686, 113 N.W.(2d) 537, experts in the employ of the state were required on discovery to state their opinions as to the value of the property sought to be condemned.

In State ex rel. Willey v. Whitman, 91 Ariz. 120, 370 P.(2d) 273, the action of the trial court in refusing to

require expert witnesses of the condemnee to disclose their appraisals was reversed.

In Power Authority etc. v. Kochan, 28 Misc.2d 784, 216 N.Y.S.2d 8, the New York Court applied the same rule to both condemnor and condemnee.

Under circumstances deemed proper California has allowed discovery of the condemnor's expert witnesses against the claim of attorney-client privilege and the work product doctrine. Mowry v. Superior Court etc., 202 Cal.App.2d 229, 20 Cal.Rptr. 698.

While there are cases holding contrary, we believe the majority of courts not restricted by statute or court rules favor discovery of expert witnesses on value in condemnation cases, the allowance of discovery being available alike to the condemnor and the condemnee. In view of the rather broad provisions of T.C.A. sec. 24-1204, regulating the scope of the examination and the rule of liberal construction prevailing in Tennessee we hold this to be the correct rule with due regard always to the work product rule, concerning which we said in Southeastern Fleet Leasing, Inc. v. Gentry, supra:

"Cases from other jurisdictions both Federal and State including Hickman v. Taylor [329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451] recognize that there may be circumstances justifying the compulsory production of papers which are the work product of counsel for the adversary party, though it is incumbent on the party seeking discovery to establish circumstances justifying the invasion of files of an attorney. See cases digested 73 A.L.R.2d p. 38 et seq., under Section 26 dealing with the 'work product' doctrine. These cases demonstrate the correctness of the statement made in Thomas v. Trawler Red Jacket, Inc.

(1954 D.C.Mass.) 16 F.R.D. 349, that: 'The prohibition of the Hickman Case is not an absolute one even as to the "work product" of the lawyer himself.' "

Trial courts have sufficient power, T.C.A. sec. 24-1205, and may be trusted to so exercise their discretion as to prevent a party who sits idle while his opponent through energetic actions brings to light pertinent evidence from gaining access to his opponent's files to supply the information he needs. We observe, however, that in the present case the condemnee is seeking only the right of discovery—not to use evidence in the State's possession.

In condemnation cases the opinion of expert appraisers is necessarily based to a great extent upon information regarding sales of comparable property gathered ex parte from hearsay or written records which may or may not reflect the true sale price. If the parties can not explore in advance of trial the predicate of opposing expert witnesses' opinions as to value cross examination is likely to be severely hampered and largely ineffective and if the parties must wait until the trial is underway the information may come too late to permit the introduction of rebuttal evidence. Also of prime importance is the opinion of the witnesses as to the portion of the award representing incidental damages.

██ We conclude that both parties in condemnation cases, in the discretion of the trial judge reasonably exercised in the light of the circumstances of the case under consideration, may properly be allowed to take the discovery deposition of opposing expert witnesses as to incidental damages and the value of the land taken. To this end a party may be compelled under the direction of the court to disclose the names of such witnesses. We are of

opinion, however, no sufficient reason appears in this case for requiring the production of written appraisal reports, gathered in preparation for trial, from the files of the State's legal counsel. To this extent the order is superseded.

If either party so elects discovery of expert witnesses may proceed in conformity with this opinion.

Because of general interest in the subject matter, this opinion is designated for publication without denial of certiorari by the Supreme Court. We express our appreciation for the excellent brief filed by the amicus curiae.

Costs of the Court of Appeals will be equally divided between Petitioner and Respondent.

Cooper, Parrott, Carney, Avery, Shriver, Puryear, and Todd, JJ., concur.

BEJACH, J. I concur in the result reached in the instant case. I think, however that the rule should be applied generally. I think that the opinion of an expert witness, should be treated as a privileged communication between him and his employer, and that to require such witness to disclose his opinion on a discovery deposition should be regarded as a violation of the constitutional prohibition against requiring any man's particular services, and that, whether or not he objects.