# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

FILED

December 5, 1997

Cecil W. Crowson
Appellate Court Clerk

JERRY HAMMOCK and wife )
RUBY HAMMOCK, et al., )
       )
    Plaintiffs/Appellants, )
       )   Sumner Circuit
       )   No. 15861-C
VS. )
       )   Appeal No.
       )   01A01-9710-CV-00600
SUMNER COUNTY, TENNESSEE, )
       )
    Defendant/Appellee. )

APPEAL FROM THE SUMNER COUNTY CIRCUIT COURT
AT LEBANON, TENNESSEE

THE HONORABLE THOMAS GOODALL, JR., JUDGE

For the Plaintiffs/Appellants:

B. Keith Williams
Taylor, Taylor, Lannom & Williams
Lebanon, Tennessee

For the Defendant/Appellee:

John Knox Walkup
Attorney General and Reporter

Wendell C. Dawson
Assistant Attorney General

## VACATED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This interlocutory appeal involves the right of a party to discover the appraisal report of a testifying expert in a condemnation case. The Circuit Court for Sumner County denied the property owners' request for the appraisal report in order to prepare to depose the appraiser on the grounds that the report is "privileged, as work porduct [sic]" but granted the property owners permission to apply for an interlocutory appeal pursuant to Tenn. R. App. P. 9. We concur that an interlocutory appeal will prevent needless, expensive, and protracted litigation in this case. Because the application and the response thereto fully set forth the parties' positions and the material facts, we dispense with further briefing and oral argument and proceed to the merits in order to save the parties additional time and expense.[1] We vacate the trial court's order and remand the case with instructions to enter an order compelling the production of the testifying appraiser's reports.

## I.

This appeal involves twelve inverse condemnation cases filed in the Circuit Court for Sumner County arising out of the construction of State Highway 52 in Portland. The property owners in each of these cases assert that the State of Tennessee acquired interests in their property by misrepresenting the effect of the highway construction on their remaining property. Each of these lawsuits requests damages for the diminution of the value of the property owners' remaining property.

During discovery, the property owners served interrogatories on Sumner County, the only remaining defendant after the State of Tennessee was dismissed as a party, requesting among other information the names of the expert appraisers the county expected to call as expert witnesses and copies of any written appraisal report prepared by the expert for each affected piece of property. Not surprisingly, the

_____

[1]Pursuant to Tenn. R. App. P. 2, we suspend the application of Tenn. R. App. P. 9(c), 24-26, & 29. We also find oral argument to be unnecessary pursuant to Tenn. R. App. P. 35(c).

county submitted interrogatories to the property owners requesting essentially the same information.

Sumner County responded to the property owners' interrogatories by stating that it intended to call Lewis C. Garber as an expert appraiser at trial. It also provided additional information concerning Mr. Garber's appraisals including (1) the date of each appraisal, (2) the appraised value of each piece of property, (3) the "total amount that would constitute fair compensation for the land taken as indicated by the appraisal," and (4) information concerning the comparables on which the appraisals were based. However, the county objected to producing Mr. Garber's appraisal reports on the ground that doing so was contrary to Tenn. R. Civ. P. 26.02(4). Apparently, the property owners have not yet responded to the county's interrogatories.

The property owners then requested the trial court to compel the county to produce Mr. Garber's appraisal reports in order to assist them in preparing to take Mr. Garber's deposition. The county resisted the motion, and the trial court entered an order on October 17, 1997 concluding that the requested reports were "not discoverable, and that the information requested is privileged, as work porduct [sic]." The trial court entered another order on October 17, 1997, granting the property owners' application for permission to pursue an interlocutory appeal on the ground that it had "been unable to locate any precedent on the issue of whether an experts [sic] report is discoverable when the non-moving party has stated in their [sic] Answers to Interrogatories that the expert intends to testify 'about his appraisal report.'"

## II.

Issues surrounding the proper scope of discovery in condemnation cases are not new to this court. Thirty years ago, in our last en banc decision, we interpreted the discovery statutes existing at the time to permit property owners to depose the State's expert appraisers but not to require the State to produce copies of the expert appraiser's report. *See State ex rel. Pack v. West Tennessee Distrib. Co.*, 58 Tenn. App. 306, 314-15, 430 S.W.2d 355, 359 (1968). The scope of discovery expanded

significantly after the Tennessee Supreme Court adopted the Tennessee Rules of Civil Procedure in 1970. *See Vythoulkas v. Vanderbilt Univ. Hosp.*, 693 S.W.2d 350, 355 (Tenn. Ct. App. 1985). Thereafter, in the only reported case dealing with the discovery of appraisal reports, this court held that a property owner was entitled to discover the State's appraiser's worksheets concerning the value of the property owner's property. *See State ex rel. Dep't of Transp v. Harvey*, 680 S.W.2d 792, 794 (Tenn. Ct. App. 1984). Without even mentioning *State ex rel. Pack v. West Tenn. Distrib. Co.*, the court stated that "[w]e find no case or statute which makes privileged the papers of the state expert appraiser and we will create no such privilege here." *See State ex rel. Dep't of Transp. v. Harvey*, 680 S.W.2d at 794.

The discovery rules have been further liberalized since we decided the *State ex rel. Dep't of Transp. v. Harvey* case. Now, Tenn. R. Civ. P. 26.02(4)(A)(ii) permits parties to depose other parties' testifying experts as a matter of right, and Tenn. R. Civ. P. 26.02(3) permits the discovery of relevant documents upon a showing that the party seeking discovery has a substantial need for the requested materials and will be unable to obtain their equivalent without undue hardship. The property owners in this case have satisfied these requirements. They desire to focus their deposition examination of the county's testifying appraiser, and they have no other means of acquiring his report.

The attorney work product doctrine should be narrowly construed to avoid impeding the liberal discovery process envisioned by the present procedural rules. *See Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 152 F.R.D. 132, 135 (N.D. Ill. 1993). Persons asserting the work product doctrine as a basis for preventing the discovery of otherwise relevant evidence have the burden of demonstrating the applicability of the doctrine. *See Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995). Since reports prepared by experts in anticipation of trial are not covered by the work product doctrine, *see Hartford Fire Ins. Co. v. Pure Air on the Lake Ltd. Partnership*, 154 F.R.D. 202, 206 n.6 (N.D. Ind. 1993); *Taylor v. Anderson-Tully Co.*, 151 F.R.D. 295, 296 n.1 (W.D. Tenn. 1993); *Pearl Brewing Co. v. Jos. Schlitz Brewing Co.*, 415 F. Supp. 1122, 1137 (S.D. Tex. 1976), we find that the county did not establish its work product doctrine claim and, therefore, that the trial court erred by overruling the property owners' motion to compel.

## III.

We vacate the order denying the motion to compel and remand the case to the trial court with directions to enter an order compelling the county to provide the property owners with the copies of Mr. Garber's appraisal reports requested in paragraph 19(c) of their interrogatories. We tax the costs of this appeal to Sumner County.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
BEN H. CANTRELL, JUDGE