IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 21, 2016 Session

**MARCHELLE RENEE BUMAN, EXECUTOR OF THE ESTATE OF
KENNETH JENKINS v. ALYCIA D. GIBSON, P.A., ET AL.**

**Appeal from the Circuit Court for Henry County
No. 3429     Charles C. McGinley, Judge**

_____

**No. W2015-00511-COA-R3-CV – Filed February 18, 2016**
_____

This is a health care liability case. The trial court granted summary judgment to the defendant-medical providers after the exclusion of the plaintiff's standard-of-care expert due to failure to comply with discovery requests. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the Court, in which ARNOLD B. GOLDIN, AND KENNY ARMSTRONG, JJ., joined.

Barton F. Robison, Paris, Tennessee, and Al H. Thomas and Aaron L. Thomas, Memphis, Tennessee, for the appellant, Marchelle Renee Buman.

Suzanne G. Marsh, Clarkville, Tennessee and Jennifer S. Harrison, Memphis, Tennessee, for the appellees, Alycia D. Gibson,  Andrew H. Lundberg, M.D. and Paris Surgical Specialists, PLLC.

**OPINION**

**Background**

On July 15, 2011, Kenneth Jenkins, along with his wife Euline Jenkins, filed a health care liability complaint against Defendants/Appellees Alycia D. Gibson, P.A., Felix C. Ugbaja, M.D., McCoy Medical, Inc., Thomas Paul Evans, M.D., Andrew H. Lundberg, M.D.,

and Paris Surgical Specialists, PLLC ("Paris Surgical") After Mr. Jenkins died, Plaintiff/Appellant Marchelle Renee Buman ("Appellant"), the executor of Mr. Jenkins's estate, was substituted as plaintiff. The parties eventually agreed that summary judgment should be granted as to the claims of Ms. Jenkins. Additionally, Dr. Ugbaja was voluntarily dismissed from this lawsuit by order of January 17, 2012. Finally, the trial court granted summary judgment in favor of McCoy Medical, Inc. and Dr. Thomas Paul Evans on February 25, 2013 and July 19, 2013, respectively.[1] Accordingly, only Ms. Gibson, Dr. Lundberg, and Paris Surgical (collectively, "Appellees") are at issue in this appeal.

The parties entered a Rule 16 Agreed Scheduling Order on April 9, 2013. Despite the fact that this order was entered in April, there is no dispute that the parties agreed that Appellant was required to disclose expert witnesses by March 6, 2013. Trial was set for August 5, 2013.

Prior to the entry of the scheduling order, on September 20, 2012, Appellant had identified Dr. Martin Evans ("Dr. Evans") as an expert witness with regard to the applicable standard of care. Dr. Evans's deposition occurred on November 28, 2012. During the deposition, Dr. Evans refused to answer questions regarding his income from medical-legal review. On February 25, 2013, Appellees filed a Rule 37 motion to compel discovery on this issue. The trial court heard the motion on May 30, 2013, orally ruling that Dr. Evans was to provide his annual income from medical-legal review from 2005-2011 within thirty days of the entry of the written order. At the hearing, however, Appellant made an oral motion to be allowed additional time to obtain a new expert. According to the transcript of this hearing, discussed in detail *infra*, Appellant was directed to file a written motion to that effect within ten days of the hearing. No written motion, however, was filed within ten days of the motion hearing, or at any time during the pendency of the proceedings in the trial court. Accordingly, the trial court granted the motion to compel discovery on June 21, 2013, giving Appellant thirty days to submit the requested information to Appellees. The requested information was not forthcoming.

Thereafter, on August 23, 2013, Dr. Lundberg and Paris Surgical filed a motion to exclude Dr. Evans for failing to comply with the June 21, 2013 order on the motion to compel. Ms. Gibson later joined in the motion. There is no dispute that Dr. Evans failed to provide the requested information regarding his annual income. Appellees also filed a motion for summary judgment, based upon the impending exclusion of Dr. Evans as Appellant's only standard of care expert.

---

[1] The trial court designated the order granting summary judgment to Dr. Thomas Paul Evans, along with an order denying Appellant's request to amend her complaint, as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Accordingly, Appellant appealed those rulings to this Court. This Court affirmed the trial court's rulings in their entirety in ***Buman v. Gibson***, No. W2013-01867-COA-R3-CV, 2014 WL 3893293, at *1 (Tenn. Ct. App. Aug. 11, 2014), *perm. app. denied, not for citation* (Tenn. Mar. 12, 2015).

Appellant responded to the motions by filing a motion to revise the June 21, 2013 order, arguing that other jurisdictions considering this issue had ruled that discovery of an expert's financial information was not discoverable and that "rummaging through" Dr. Evans's finances was an invasion of privacy. The trial court heard the issue on November 18, 2013, orally denying the motion to revise, but allowing Appellant additional time to submit the required information. The trial court denied the motion to revise by order of January 17, 2014, which reiterated that Appellant was given an additional 60 days from the November 18, 2013 hearing to comply with the June order's mandates.

On April 8, 2014, the trial court stayed the proceedings pending the outcome in *Laseter v. Regan*, No. W2013-02105-COA-R3-CV, --- S.W.3d ---, 2014 WL 3698248 (Tenn. Ct. App. July 24, 2014), *perm. app. denied* (Tenn. Dec. 18, 2014), a separate case also involving the exclusion of Dr. Evans for his refusal to produce evidence regarding his income from medical-legal review. The *Laseter* Court ruled that the discovery of an expert's income from medical-legal review was proper and that it was not an abuse of discretion to exclude the expert for his failure to comply with valid discovery requests. *Id.* at \*19. After the *Laseter* Opinion was issued, the trial court in the case-at-bar held a hearing on the pending motions to exclude Dr. Evans and for summary judgment on September 10, 2014. The trial court orally ruled that Dr. Evans was to be excluded in accordance with *Laseter* and that summary judgment was therefore appropriate. Appellant, however, again sought sixty days to obtain another expert. The trial court denied the request, citing the parties' scheduling order and the Appellant's failure to file a written motion to that effect as directed by the trial court at the June 21, 2013 hearing. A written order granting summary judgment to Appellees was entered on October 10, 2014. Appellant thereafter filed a motion to alter or amend, which was denied. Appellant thereafter filed this appeal.

## Issues Presented

Appellant raises three issues, which are taken, and slightly restated, from her brief:

> 1. Did the trial court err in ordering Appellant's medical expert "to provide information concerning the amount of income he earns annually from medical-legal review, consulting, and testifying as an expert witness" pursuant to Defendants' discovery request over Appellant's objection that such discovery was precluded by the 2011 amendment to Rule 26.02(4)(A)(i) of the Tennessee Rules of Civil Procedure which establishes that a party does not have the right to discover the amount of an expert's annual forensic income?

2.      Did the trial court err in excluding Appellant's medical expert for his failure to comply with the Court's order described above?

3.      Did the trial court err in not granting Appellant additional time to find another expert after the court excluded Appellant's only medical expert?

## Analysis

This is the third appellate case involving the exclusion of Dr. Evans due to his refusal to divulge information concerning the income he receives from medical-legal review. *See generally* ***Weatherspoon v. Minard***, No. W2015-01099-COA-R3-CV, 2015 WL 8773801 (Tenn. Ct. App. Dec. 14, 2015); ***Laseter v. Regan***, No. W2013-02105-COA-R3-CV, --- S.W.3d ---, 2014 WL 3698248 (Tenn. Ct. App. July 24, 2014), *perm. app. denied* (Tenn. Dec. 18, 2014). Indeed, the arguments that are set forth in this appeal are largely repeated from the prior two cases.

Here, Appellant first argues that the trial court erred in requiring Dr. Evans to produce information regarding his income derived from medical-legal review in the years prior to the case-at-bar. Trial courts have "broad discretion over discovery matters, including requests for sanctions, and, on appeal, that discretion will not be disturbed absent an affirmative showing that the trial court abused its discretion." ***Parks v. Mid-Atlantic Finance Co., Inc.***, 343 S.W.3d 792, 802 (Tenn. Ct. App. 2011) (citing ***Brooks v. United Uniform Co.***, 682 S.W.2d 913, 915 (Tenn. 1984)). To the extent that this issue involves only the interpretation of the Tennessee Rules of Civil Procedure, however, our review is de novo. ***Fair v. Cochran***, 418 S.W.3d 542, 544 (Tenn. 2013) ("Interpretation of the Tennessee Rules of Civil Procedure is a question of law, which we review de novo with no presumption of correctness.") (citing ***Lacy v. Cox***, 152 S.W.3d 480, 483 (Tenn. 2004)).

Appellant specifically argues in this case that the trial court erred in interpreting Rule 26.02 of the Tennessee Rules of Civil Procedure as allowing, much less requiring, the discovery of information concerning an expert's income for medical-legal review in cases other than the case-at-bar. To support this argument, Appellant cites Rule 26.02(4) of the Tennessee Rules of Civil Procedure, which provides:

> Discovery of facts known and opinions held by experts . . . may be obtained **only as follows**:
>
> . . . . In addition, upon request in an interrogatory, for each person so identified, the party shall disclose the witness's qualifications (including a list of all publications authored in the previous ten years), a list of all other cases in which, during the

- 4 -

> previous four years, the witness testified as an expert, and a statement of the compensation **to be paid** for the study and testimony in the case.

(Emphasis added). Based upon this language, Appellant argues that Appellees were limited to discovering only the compensation that was paid to Dr. Evans for his expertise in the case-at-bar.

This argument was previously raised, and rejected, in *Laseter*. As the *Laseter* Court explained:

> Because the last sentence requires disclosure of the compensation "to be paid . . . in the case," Plaintiff argues that "the amount of [an expert's] compensation can only be discovered regarding the particular case at issue." Plaintiff claims that it is clear from the 2011 amendment that the Supreme Court "contemplated the issue before this Court" and concluded that "a party does not have the right to inquire about the actual amount of an expert's *annual* forensic income." (Emphasis added).
>
> We do not agree with Plaintiff's suggestion that the last sentence of Rule 26.02(4)(A)(i) imposes a ceiling on the amount of information that can be discovered about an expert witness. The Advisory Commission Comment to the 2011 amendment states, "The sentence added to Rule 26.02(4)(A)(i) concerning discovery of information about those intended to be called as expert witnesses at trial is designed to minimize the cost of learning additional information about an opposing party's expert witnesses."

*Laseter*, 2014 WL 3698248, at *18–19. The *Laseter* Court then went on to consider the federal counterpart to Rule 26.02 in concluding that:

> We likewise conclude that the last sentence of Tennessee Rule of Civil Procedure 26.02(4)(A)(i) was intended to clarify that certain information about an expert must be provided if requested by an interrogatory, in order to "minimize the cost of learning additional information." Tenn. R. Civ. P. 26.02, Adv. Comm'n Cmt to 2011 Amendment. However, it was not intended to establish an outer limit for what can be discovered about an expert. There is no indication on the face of the rule to suggest that a party is absolutely prohibited from seeking

- 5 -

> additional information about an opponent's expert witnesses, and we decline to interpret the rule in such a manner. We therefore reject Plaintiff's argument that Rule 26.02(4)(A)(i) prohibited the discovery of information about Dr. Evans'[s] annual income from testifying as an expert.

*Laseter*, 2014 WL 3698248, at \*20. Based upon the foregoing, the *Laseter* Court held that the trial court did not abuse its discretion in requiring that Dr. Evans produce evidence concerning his income from medical-legal review in cases prior to the case-at-bar or in subsequently excluding Dr. Evans as an expert witness when he failed to comply with the trial court's discovery order. *Id.* at \*21.

Appellant urges this Court to revisit the holding in *Laseter* and come to the opposite conclusion. At the time this appeal was filed, permission to appeal to the Tennessee Supreme Court in *Laseter* had been denied, but the Opinion had not been submitted for publication in the official reporter. Pursuant to Rule 4 of the Rules of the Tennessee Supreme Court, unpublished opinions are merely persuasive authority on this court. *See* Tenn. R. Sup. Ct. 4(G)(1). While this appeal was pending, however, the *Laseter* Opinion was accepted for publication in the official reporter. Accordingly, the decision "shall be considered controlling authority for all purposes unless and until such opinion is reversed or modified by a court of competent jurisdiction." Tenn. R. Sup. Ct. 4(G)(2).

The *Laseter* Opinion is, therefore, controlling on this Court. As this Court explained in *Boyce v. LPP Mortgage Ltd.*, 435 S.W.3d 758 (Tenn. Ct. App. 2013):

> The sound principle of stare decisis requires us to uphold our prior precedents to promote consistency in the law and to promote confidence in this Court's decisions. *Carroll v. Whitney*, 29 S.W.3d 14, 25 (Tenn. 2000) (Anderson, C.J., dissenting). This Court will overturn a settled rule of law only when there is an error in the precedent, when the precedent is obsolete, when adhering to the precedent would cause greater harm to the community than disregarding stare decisis, or when the prior precedent conflicts with a constitutional provision. *In re Estate of McFarland*, 167 S.W.3d 299, 306 (Tenn. 2005).

*Boyce*, 435 S.W.3d at 767 (quoting *Cooper v. Logistics Insight Corp.*, 395 S.W.3d 632, 639 (Tenn. 2013)). Having reviewed the decision in *Laseter*, we conclude that no grounds exist to overturn its holding.

Tennessee law generally allows for broad discovery, as "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Johnson v. Nissan N.*

*Am., Inc.*, 146 S.W.3d 600, 605 (Tenn. Ct. App. 2004) (citing *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (U.S. 1947)). "Tennessee's discovery and evidentiary rules reflect a broad policy favoring discovery of all relevant, non-privileged information." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 525 (Tenn. 2010) (citing *Harrison v. Greeneville Ready–Mix, Inc.*, 220 Tenn. 293, 302, 417 S.W.2d 48, 52 (Tenn. 1967)). Relevancy is to be construed liberally and with common sense instead of "narrow legalisms." *Johnson*, 146 S.W.3d at 605, n.3 (citing Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d* § 2008, p. 107 (1994)). While "a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action," discovery of information that has no conceivable bearing on the case should not be allowed. *Johnson*, 146 S.W.3d at 605, n.3 (quoting *Federal Practice and Procedure: Civil* at § 2008, p. 107, 108). "Whether information sought is reasonably calculated to lead to the discovery of admissible evidence must, of course, be determined on a case-by-case basis." Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 8-1(f) (2004) (quoting *Federal Practice and Procedure: Civil* § 2008, p. 114).

Here, the discovery of information relating to an expert's income from medical-legal review certainly meets this standard. As explained in *Laseter*, "exposure of financial interest bias may sometimes be the most effective challenge that can be made to an expert's testimony[.]" *Laseter*, 2014 WL 3698248, at *12 (quoting *Wrobleski v. de Lara*, 353 Md. 509, 518 727 A.2d 930, 934 (Md. 1999)). Furthermore, the *Laseter* Court pointed out that: "It is well-settled in Tennessee that '[a] finder of fact may consider an expert's bias or financial interest in the litigation when determining the weight to be given to his or her opinions.'" *Laseter*, 2014 WL 3698248, at *12 (quoting *GSB Contractors*, *Inc. v. Hess*, 179 S.W.3d 535, 547 (Tenn. Ct. App. 2005)). Thus, discovery of an expert's income from medical-legal review is highly relevant to the admissible issue of an expert's bias. Based on the foregoing, we see no need to depart from the rule established in *Laseter*.

Here, the trial court expressly ruled that Appellant and Dr. Evans were required to submit information to the Appellees concerning Dr. Evans's income from medical-legal review in the years prior to the case-at-bar. Based upon the holding in *Laseter*, the trial court in this case did not abuse its discretion in requiring that Dr. Evans provide that information. Furthermore, in *Laseter* the Court of Appeals held that the trial court did not abuse its discretion in excluding Dr. Evans due to his failure to comply with a valid discovery order. *Laseter*, 2014 WL 3698248, at *21 ("Plaintiff and Dr. Evans repeatedly and knowingly failed to comply with the trial court's orders, despite multiple opportunities and generous extensions of deadlines. There comes a time when, as the saying goes, "enough is enough." . . . The trial judge did not abuse her discretion in excluding Dr. Evans as a witness."). Likewise in this case, Dr. Evans undisputedly refused to comply with the trial court's discovery order, "despite multiple opportunities and generous extensions of deadlines." *Id.* Based upon

***Laseter***, the trial court also did not abuse its discretion in excluding Dr. Evans as witness due to his refusal to comply with discovery requests. ***Id.***

Appellant next argues that the trial court erred in failing to allow Appellant additional time to obtain an expert after the exclusion of Dr. Evans. Like Appellant's argument *supra*, this argument has also been previously addressed by this Court. *See **Weatherspoon v. Minard***, No. W2015-01099-COA-R3-CV, 2015 WL 8773801 (Tenn. Ct. App. Dec. 14, 2015). In ***Weatherspoon***, this Court rejected a similar argument made by a plaintiff that he should have been allowed more time to retain an expert after the exclusion of Dr. Evans. ***Id.*** at *4. In that case, Dr. Evans was likewise excluded for failing to comply with valid discovery requests. At the hearing in which Dr. Evans was ultimately excluded, the plaintiff sought additional time to obtain another expert to testify to the applicable standard of care. The trial court denied the request. ***Id.*** at *2.

This Court affirmed the decision of the trial court to deny the plaintiff's request to be allowed more time to obtain an expert, relying on the precedent set in ***Robinson v. Lecorps***, 83 S.W.3d 718 (Tenn. 2002). In ***Robinson***, the trial court excluded the plaintiff's only standard of care expert and granted summary judgment due to the lack of a required expert witness. ***Id.*** at 725. On appeal, the Tennessee Supreme Court affirmed the exclusion and subsequent dismissal on the basis that although the plaintiff was aware of the impending exclusion of his expert, it made no effort to remedy the issues that led to the expert's exclusion:

> [The plaintiff] was aware of the required elements of a malpractice action under Tenn. Code Ann. § 29-26-115(a) and (b) and also knew that the defendant objected to the testimony of Dr. Kennedy with regard to the standard of professional care in a discovery deposition. Moreover, counsel for [the defendant doctor] objected and cited this specific ground on two occasions during the evidentiary deposition of Dr. Kennedy. Despite these specific objections, [the plaintiff] did not [remedy the issue with Dr. Kennedy's testimony] and did not present any other expert witnesses to establish an appropriate standard. In addition, [the plaintiff] made no showing of how Dr. Kennedy's new testimony would [remedy the issues that led to the exclusion of Dr. Kennedy's testimony].

***Id.*** As we noted in ***Weatherspoon***, the ***Robinson*** holding illustrates that "a party faced with a motion to exclude his or her required standard-of-care expert may be required to anticipate the exclusion of the expert and make appropriate efforts to remedy the issues that led to the expert's exclusion or present to the court "[an]other expert witnesses to establish an

appropriate standard." ***Weatherspoon***, 2015 WL 8773801, at *4 (citing ***Robinson***, 83 S.W.3d at 725).

In this case, much like in ***Weatherspoon*** and ***Robinson***, Appellant was aware as early as the May 30, 2013 hearing that Dr. Evans was likely to be excluded and that a new expert would be required to prosecute the case. Indeed, counsel for Appellant made the following statement during the hearing:

> He [i.e., Dr. Evans] definitely will not, to a high level of certainty, he definitely is not going to supply this information. Then, therefore, Your Honor is going to be presented with a Motion to Exclude him because Dr. Evans is not complying with the Motion to Compel, so please excuse -- preclude Dr. Evans.
>
> Therefore, I'm making a Motion Ore Tenus for Your Honor to allow us 60 days to find a new expert in this case, because Dr. Martin Evans is simply not going to appear at trial under these -- under Your Honor's ruling.

Thus, counsel for Appellant was well-aware as of the May 30, 2013 hearing that Dr. Evans would refuse to comply with the trial court's discovery order and that he would likely be excluded due to his noncompliance.

Furthermore, the trial court was not indifferent to Appellants' request for additional time, despite the fact that the time for identifying experts had expired. Instead, the trial court orally ruled that Appellant should file a written motion seeking additional time to obtain the required expert. The trial court even stated that: "In all candor, I probably will look on your motion with favor." Appellant was thus given ten days to file the written motion seeking additional time to obtain another standard of care expert.

Despite this exchange, no written motion seeking additional time to obtain another expert was filed within ten days of the May 30, 2013 hearing. In fact, our review of the record reveals that no such motion was ever filed in the case. Rule 36(a) of the Tennessee Rules of Appellate Procedure provides, in pertinent part: "Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Here, Appellant had every opportunity to nullify the harmful effect caused by Dr. Evans's exclusion by filing a written motion seeking additional time to obtain another expert, as directed by the trial court at the June 30, 2013 hearing. Indeed, the trial court indicated that it would look upon such a motion favorably. Appellant, however, chose not to file a written motion, disregarding the trial court's oral ruling. Instead, Appellant focused her efforts on a motion to reconsider the trial court's decision to require Dr. Evans to produce the financial

information,[2] and apparently delayed any effort to obtain another expert until the trial court ultimately ruled on the dismissal of the case in September 2014, over fourteen months later. At this point, Appellant once again lodged an oral motion for additional time to obtain another expert. Based upon the holding in ***Robinson***, this action was simply far too little, much too late. The trial court's decision to deny Appellant's oral request for additional time to obtain an expert was, therefore, not an abuse of discretion.

As previously stated, the trial court did not abuse its discretion in requiring that Dr. Evans produce evidence regarding his income from medical-legal review in the years preceding the case-at-bar. Furthermore, the trial court did not abuse its discretion in ultimately excluding Dr. Evans from testifying due to his failure to comply with a valid discovery request. Finally, the trial court did not abuse its discretion in denying Appellants' oral motion for additional time to obtain another expert where Appellant failed to comply with the trial court's earlier ruling to file a written motion seeking such relief. Appellant does not raise as an issue on appeal that the trial court erred in granting summary judgment in favor of Appellees after the exclusion of Dr. Evans. Accordingly, the judgment of the trial court is affirmed in all respects.

### Conclusion

The judgment of the Circuit Court of Henry County is affirmed and this cause is remanded for all further proceedings as are necessary and are consistent with this Opinion. Costs of this appeal are taxed to Appellant Marchelle Renee Buman, and her surety.

_____
J. STEVEN STAFFORD, JUDGE

---

[2] Appellant chose this avenue despite the fact that the trial court warned that "it's going to get you nowhere probably."