Frank Robert PAYNE, Appellant,

v.

Harold "Whitey" RAMSEY, June Brackett and David Collins, Appellees.

Supreme Court of Tennessee.

Dec. 27, 1979.

James D. Hutchins, Hutchins & Estes, Athens, for appellant.

Roger E. Jenne, Elliot, Goode, Jenne Varnell & Scott, Cleveland, for appellees.

## OPINION

FONES, Justice.

This is an election contest arising from the sheriff's election held in Polk County on August 3, 1978. Appellee, Harold "Whitey" Ramsey, was the incumbent Democratic candidate, and appellant, Frank Robert Payne was the Republican challenger. The official tabulation declared Ramsey the winner by 137 votes. In the precinct voting Payne received 2182 votes, and Ramsey received 2023 votes. In the absentee voting Payne received 20 votes, and Ramsey received 316 votes.

Payne filed suit in Polk County Chancery Court under T.C.A. §§ 2–1712 and 2–701 et seq. alleging irregularities in the absentee and precinct voting and seeking to have the election declared void or a tie or that he be declared the winner. At the close of appellant's proof the chancellor overruled appellee's motion for summary judgment but held that the asserted irregularities in the precinct voting were not of such magnitude to require voiding those votes. Appellee was required to defend against only the alleged irregularities in absentee voting. At the close of all the proof, the chancellor took the case under advisement and on November 7, 1978, rendered his decision. Of the absentee ballots, the chancellor invalidated 37 because no reason for voting absentee was given, 2 because of incomplete affidavits, 10 because of discrepancies in the signatures, and 2 because the voters applied for absentee ballots when they knew that they would be in Polk County on election day. The chancellor refused to void the election or change the result because the fraud was not so prevalent "that the election results did not express the will of the majority. Also, there [was] no proof of irregularities with a sufficient number of the absentee ballots that would change the outcome." The election contest was dismissed.

Appellant has raised fifteen assignments of error that we will treat in four groups for purposes of convenience. First, appellant contends that the trial court erred in failing to void precinct votes for voters who voted in the wrong precinct, who voted when their names did not appear on the permanent registration list, and who did not sign the poll lists. From our examination of the record we agree with the Chancellor that these irregularities are not of

such magnitude to justify voiding the votes cast in these precincts. This is not to suggest that statutory directives on voting procedure should be regarded as frivolous and inconsequential. We find only that these irregularities did not amount to fraud that would affect the result or make the outcome uncertain. *Summit v. Russell*, 199 Tenn. 174, 285 S.W.2d 137 (1955).

■ Appellant's second assignment of error asserts that appellee's election was void because appellee was ineligible to be a candidate in the Democratic primary held in May 1978. This assignment of error must fail because of appellant's lack of standing to sue. Appellant is the Republican candidate challenging the results in the general election, however, the basis of appellant's challenge is appellee's eligibility in the Democratic primary election. Under the circumstances of this case, T.C.A. § 2–1704 limits standing to Democratic candidates who opposed appellee in the primary. *See Dobbins v. Crowell*, 577 S.W.2d 190, 193 (Tenn.1979).

■ Appellant's third assignment of error challenges the propriety of the chancellor's decision to permit appellant's handwriting expert only two days in which to examine documents, specimens, and other related evidence. Appellant has failed to demonstrate any abuse of discretion or prejudice arising from the Chancellor's ruling. *See* T.R.C.P. Rule 34; *Harrison v. Greeneville Ready-Mix, Inc.*, 220 Tenn. 293, 417 S.W.2d 48 (1966). The assignment is overruled.

■ Appellant's fourth group of assignments of error focuses on alleged improprieties in the absentee voting. The chancellor reviewed these allegations and concluded that fifty-one absentee votes should be voided because of statutory violations. Appellant would have us void all of the absentee ballots. This we decline to do. The only basis that appellant offers for overturning the entire absentee ballot is the fact that the list of absentee voters was published in the newspaper on election day not four days before the election as required by T.C.A. § 2–615:

"For each election the county election commission shall publish in a newspaper of general circulation, on the fourth day before election day or as near thereto before election day as possible, a complete, alphabetically arranged list by precinct of all persons who voted absentee by personal appearance and also of all persons who voted absentee by mail."

The newspaper in which the list was published is one of two weekly newspapers published in Polk County. The fact that the normal date for publication fell on election day was a matter of coincidence over which the election commission had no control. Publication one week prior to the election of a complete and accurate list of absentee voters was impossible because under T.C.A. § 2–609 voters can vote absentee by personal appearance until five days before the election. Under the circumstances confronted by the Polk County Election Commission, it did all that could be done to comply with the statutes and we decline to void the absentee ballots in their entirety.

■ The chancellor voided a total of fifty-one absentee ballots. Thirty-seven absentee votes were invalidated because the application stated no reason for voting absentee. Two votes were invalidated because the affidavits were incomplete. On the basis of the unrefuted testimony of a questioned-document examiner ten votes were invalidated because the signature on the application failed to match the signature on the permanent voter registration form. Two votes were invalidated because the voters testified they voted absentee knowing that they would be in Polk County on election day.

From our review of the testimony and exhibits we conclude that each of these votes was correctly invalidated. We would invalidate two additional absentee ballots because of the unrefuted testimony of the questioned-document examiner.

In his assignments of error appellant has challenged other absentee ballots for the following specific irregularities: twenty-three votes by mail for which the affidavits

were completed by someone other than the attesting official; ten votes by mail and personal appearance with incomplete applications; one vote for which the application was not signed by the voter; two votes for which the voter was over sixty-five years of age but who voted by mail instead of by personal appearance; one vote for which the voter claimed to be over sixty-five when he was actually sixty-four years old, one vote for which the voter was incarcerated at the time he voted absentee; ten votes for which the voter required assistance but the requirements of T.C.A. § 2–604 were not met; five votes for which the voters allegedly received payment for voting; and eight votes that were attested to by a notary whose commission had expired.

■■■ We find no error in the chancellor's refusal to invalidate the twenty-three votes for which the affidavits were completed by someone other than the attesting official. From our review of the record, we are satisfied these votes comply with the requirements of T.C.A. § 2–611. As to the thirty-eight other disputed votes, we find they are not in compliance with the statutory requirements for absentee voting, specified at T.C.A. § 2–601 *et seq.*, therefore, they must be invalidated. *Hillard v. Park*, 212 Tenn. 588, 370 S.W.2d 829 (1963).

■■■ This Court has invalidated forty absentee votes in addition to the fifty-one absentee votes invalidated by the chancellor. However, these additional void ballots are not sufficient to change the outcome of the election or to render the outcome incurably uncertain. For this reason the judgment of the chancellor is affirmed. Costs are adjudged against appellant.

BROCK, C. J., and COOPER, HENRY and HARBISON, JJ., concur.