## IN THE COURT OF APPEALS AT NASHVILLE

PATRICIA A. MERLO )
)
    Plaintiff-Appellant )
) Appeal No.
) 01A01-9811-CV-00610
    v. ) Davidson Circuit
) No.97C-3703
)
)
G. PATRICK MAXWELL, M.D. )
and NASHVILLE PLASTIC )
SURGERY, LTD )
)
    Defendants-Appellees )

FILED

July 14, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY

THE HONORABLE MARIETTA M. SHIPLEY, JUDGE

Robert L. Huskey
514 Hillsboro Blvd.
Manchester, TN 37355

    Attorney for Plaintiff-Appellant

Noel F. Stahl
E. Todd Presnell
Bryan K. Williams
CORNELIUS & COLLINS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219

    Attorneys for Defendants-Appellees

VACATED AND REMANDED

**Houston M. Goddard, Presiding Judge**

CONCUR:

FRANKS, J.
SUSANO, J.

O P I N I O N

Patricia A. Merlo appeals the dismissal of her suit alleging medical malpractice against Patrick Maxwell, M.D., and the Nashville Plastic Surgery, Ltd., by summary judgment. Ms. Merlo brought suit alleging Dr. Maxwell failed to obtain her informed consent for the use of silicone implants during multiple breast reconstruction surgeries and further that Dr. Maxwell negligently chose to use silicone implants rather than saline. The Circuit Court of Davidson County dismissed Ms. Merlo's claims finding, as a matter of law, that Ms. Merlo's claims were barred on their face by the three-year statute of repose.

*Facts*

In 1987, Ms. Merlo came to Dr. Maxwell, who practices under the name of Nashville Plastic Surgery, Ltd., due to her diagnosis of breast cancer and her need to have bilateral mastectomies and breast reconstruction surgery. Ms. Merlo alleges that she and Dr. Maxwell discussed the types of implants which could be used in her procedure. Dr. Maxwell informed Ms. Merlo that he could use either saline breast implants or silicone gel breast implants. Dr. Maxwell further informed Ms. Merlo that silicone gel implants were known to be a greater health hazard than the saline implants. Ms. Merlo asked for the saline implants to be used and alleges that Dr. Maxwell assured her that he was using saline implants in her procedures.

2

On June 10, 1987, Dr. Maxwell performed bilateral subcutaneous mastectomies on the plaintiff. During this procedure, Dr. Maxwell inserted saline tissue expanders, which allowed gradual expansion of breast tissue through periodic injection of saline solution into the expanders. On August 27, 1987, Dr. Maxwell performed breast reconstruction on Ms. Merlo. During this procedure, Dr. Maxwell removed the saline tissue expanders and replaced them with silicone gel implants instead of the saline implants. On July 24, 1990, Dr. Maxwell performed additional breast reconstruction surgery on Ms. Merlo. Dr. Maxwell removed Ms. Merlo's existing implants, and replaced them with two silicone gel implants in each breast. On August 20, 1991, Dr. Maxwell performed a final surgery on Ms. Merlo. During this final procedure, Dr. Maxwell removed Ms. Merlo's implants, and replaced them with newly designed silicone gel implants. Ms. Merlo alleges that she was lead to believe that saline implants were used during the entire course of treatment by Dr. Maxwell.

In December of 1996, Ms. Merlo returned to Dr. Maxwell for the purpose of evaluation and preparation for a subsequent surgery to replace her implants. While in his office, Ms. Merlo was presented a form authorizing the use of silicone implants. Ms. Merlo refused to sign the form stating that she would never allow the use of silicone in her body. Dr. Maxwell's personnel responded that silicone had already been implanted in her body. Upon hearing this response, Ms. Merlo became hysterical. For many years since the original implant, Ms. Merlo suffered physical problems consistent with silicone implants and leakage of silicone, but Ms. Merlo had never considered the implants to be the source of her health problems because she had always been

assured that Dr. Maxwell used saline implants, instead of silicone, during her breast reconstruction procedures.

In June and September of 1997, Ms. Merlo had her implants replaced by the Atlanta Plastic Surgery, P.A. During the course of the removal of the silicone gel implants, silicone was found to be emanating from a tear in the capsule of one of the implants.

Subsequent to the office visit of December of 1996, Ms. Merlo spoke with Dr. Maxwell who admitted that he could find no notations in his records showing that he had informed Ms. Merlo that he had used silicone implants. Ms. Merlo also examined a set of her records and failed to find any indications that she had been informed of the use of silicone.

Ms. Merlo filed this suit on November 25, 1997, within one year of learning of the use of silicone by Dr. Maxwell. Ms. Merlo alleged in her complaint that Dr. Maxwell failed to get her informed consent for the use of silicone breasts implants during her breast reconstruction surgeries and further alleged that Dr. Maxwell negligently performed those surgeries by choosing to use the silicone gel breast implants. Dr. Maxwell filed his Answer on February 2, 1998.

On March 13, 1998, Dr. Maxwell filed a Motion for Summary Judgment pursuant to Rule 56 of the Tennessee Rules of Civil Procedure. The Motion for Summary Judgment asserted that Ms. Merlo's claim was barred by the three-year statute of repose contained in T.C.A. 29-26-116(a)(3). Ms. Merlo filed her

4

response to the Motion for Summary Judgment on April 27, 1998. In order to allow Ms. Merlo additional time to obtain discovery, the Trial Court initially scheduled the hearing on the Motion for Summary Judgment on September 28, 1998.

On August 19, 1998, Ms. Merlo filed a Motion to Amend seeking to add an additional paragraph to her complaint which stated:

> In addition to the foregoing, Plaintiff would show to the Court that under the facts of this case, the Defendants . . . are guilty of fraudulent concealment in the utilization of the silicone implants while all the time keeping same from the Plaintiff and leading her to continue to believe until December of 1996, that her implants were of saline solution.

This Motion to Amend was supported by a Supplemental Affidavit in which Ms. Merlo asserted that Dr. Maxwell led her to believe that saline implants, instead of silicone gel implants, were used in her procedures; furthermore, Ms. Merlo stated in this Affidavit that her medical records did not indicate that she had even been notified of the use of silicone gel implants.

On August 24, 1998, Ms. Merlo filed a Motion to Compel alleging that Dr. Maxwell failed to respond appropriately to her Discovery. Ms. Merlo specifically sought a more complete response to the following question: "Have you ever received any treatment for alcohol or drug abuse from January of 1987 until the present and if so, when and at what institution and attach to these Interrogatories, a copy of your complete treatment record from that institution?" Dr. Maxwell responded to this Interrogatory by stating: "On January 18, 1997, I voluntarily admitted myself to an alcohol rehabilitation/treatment center for alcohol dependency, and I successfully completed that program. I

5

do not have possession of my 'complete treatment record.'"  Ms. Merlo sought to compel Dr. Maxwell to provide the name and institution at which he received treatment and a copy of his records in order to substantiate allegations of the use of cocaine or other drugs during the period of Ms. Merlo's treatment.

Dr. Maxwell objected to supplying any more information than given in his answer as the requested documents were irrelevant, privileged, confidential, and not subject to discovery.  Dr. Maxwell further argued that he had already stated in his responses to the Interrogatories that he did not use illegal drugs at any time from 1987 to the present.  The Trial Court sustained Dr. Maxwell's objection on September 21, 1998, thereby denying the information to Ms. Merlo.

Dr. Maxwell's Motion for Summary Judgment was heard on October 30, 1998.  The Trial Court found that Ms. Merlo's claims were barred by the three-year statute of repose and granted Dr. Maxwell's Motion for Summary Judgment.  In making this determination, the Trial Court stated that Ms. Merlo's Complaint did not contain allegations sufficient to support a claim for fraudulent concealment as an exception to the statute of repose. The Trial Court found that Ms. Merlo's Motion to Amend was never docketed nor heard by the court, but further held that, even if leave to amend was granted and/ or Ms. Merlo's Complaint was deemed sufficient to allege fraudulent concealment, Ms. Merlo failed to provide sufficient evidence to establish the essential elements of fraudulent concealment.

6

Ms. Merlo filed her Notice of Appeal on November 20, 1998 submitting the following issues for review:

I.  Did the Honorable Circuit Judge commit reversible error by granting Summary Judgment in favor of the Defendants holding the case was barred by the three (3) year statute of repose despite allegations and Affidavits of fraudulent concealment by the Defendants?

II.  Did the Honorable Trial Judge commit error in not allowing the Plaintiff to obtain Discovery information about Dr. Maxwell's treatment for alcohol or drug abuse which records might disclose information about his illegal use of drugs during the time of his treatment of the Plaintiff?

*Statute of Repose*

In addressing Ms. Merlo's first issue, we recognize that the standards governing an appellate court's review of a trial court's action on a motion for summary judgment are well settled.  Since our inquiry involves purely a question of law, no presumption of correctness attaches to the trial court's judgment.  Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995). Our task is confined to reviewing the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met.  Cowden v. Sovran Bank/Cent. S., 816 S.W.2d 741, 744 (Tenn.1991).  Rule 56.03 of the Tennessee Rules of Civil Procedure provides that summary judgment is only appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in

7

the motion, <u>Byrd v. Hall</u>, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as matter of law on the undisputed facts. <u>Anderson v. Standard Register Co</u>., 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. <u>Downen v. Allstate Ins. Co.</u>, 811 S.W.2d 523, 524 (Tenn.1991).

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. <u>Byrd</u>, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion. <u>Byrd</u>, 847 S.W.2d at 210-11.

Since neither party questions that three years had passed since the date of the alleged malpractice, we turn to whether there are disputed issues of material fact regarding fraudulent concealment on the part of Dr. Maxwell so as to avoid application of the three-year statute of repose.

Our Supreme Court has fully explained and explored the requirements necessary to establish fraudulent concealment in <u>Shadrick v. Coker</u>:

> [A] plaintiff in a lack of informed consent case (or any other medical malpractice case) attempting to toll the statute of repose contained in T.C.A. 29-26-116(a)(3) by relying upon the fraudulent concealment exception to the statute must establish that (1) the health care provider took affirmative action to conceal the wrongdoing or remained silent and failed to disclose material facts despite a duty to do so, (2) the plaintiff could not have discovered the

wrong despite exercising reasonable care and diligence, (3) the health care provider knew of the facts giving rise to the cause of action and, (4) a concealment, which may consist of the defendant withholding material information, making use of some device to mislead the plaintiff, or simply remaining silent and failing to disclose material facts when there was a duty to speak.

Shadrick v. Coker, 963 S.W.2d 726, 736 (Tenn.1998). If the plaintiff establishes fraudulent concealment on the part of the defendant, the plaintiff has one year after discovery to bring the cause of action. Tenn.Code Ann. § 29-26-116(a)(3)(1980).

With regard to the first requirement, that the defendant took affirmative action to conceal the cause of action or remained silent and failed to disclose material facts despite a duty to do so, when there is a confidential or fiduciary relationship between the parties, the "failure to speak where there is a duty to speak is the equivalent of some positive act or artifice planned to prevent inquiry or escape investigation." Hall v. De Saussure, 41 Tenn.App. 572, 581, 297 S.W.2d 81, 85 (1956). Furthermore, "such a duty arises where a confidential relationship exists, as between physician and patient. In such cases, there is a duty to disclose, and that duty may render silence or failure to disclose known facts fraudulent." Benton v. Snyder, 825 S.W.2d 409, 414 (Tenn.1992) (emphasis in original) (citations omitted). With regard to the final element, this same physician-patient relationship "impose[s] a duty to make a full disclosure of the material facts, mere silence or nondisclosure may constitute concealment. Shadrick v. Coker, 963 S.W.2d 726, 736 (Tenn. 1998).

After thorough review of the record, we find that there is evidence sufficient to create a jury issue on all of the key

elements of fraudulent concealment.  We hold that the jury could reasonably find that Dr. Maxwell concealed the use of silicone breast implants by leading Ms. Merlo to believe that saline implants were used in her procedures.  The jury could also infer concealment from Dr. Maxwell's failure to disclose the use of the silicone gel implants and the risks and potential complications involved despite a relationship creating a duty to disclose. Through both Dr. Maxwell's failure to disclose that silicone implants were used and his actions which led Ms. Merlo to believe that saline implants were used in all operations, a jury could reasonably infer that Dr. Maxwell had knowledge of the facts giving rise to the cause of action.

We are also persuaded that Ms. Merlo could have reasonably believed Dr. Maxwell, despite her physical ailments, when he told her that she was receiving saline breasts implants. Furthermore, "[w]hether the plaintiff exercised reasonable care and diligence in discovering the injury or wrong is usually a question of fact for the jury to determine. Shadrick v. Coker 963 S.W.2d 726, 737 (Tenn. 1998) (quoting Wyatt v. A-Best, Co., 910 S.W.2d 851, 854 (Tenn.1995)).  Finally, we also find that Ms. Merlo's Complaint contained sufficient allegations, specifically those relied upon above, to support a claim of fraudulent concealment.

After taking the strongest legitimate view of Ms. Merlo's evidence, discarding all countervailing evidence and allowing all reasonable inferences to the plaintiff, we hold that more than one conclusion can be drawn from the evidence presented

10

for the reasons stated above.  Therefore, we find that this is not an appropriate case for summary judgment.

*Ms. Merlo's Discovery Request*

We now turn to Ms. Merlo's second issue--whether the Trial Court erred in denying Ms. Merlo access to information concerning Dr. Maxwell's treatment for alcohol or drug abuse. Ms. Merlo argues that evidence of drug or alcohol dependency could explain malpractice committed by Dr. Maxwell.

As previously noted, during pretrial discovery, Ms. Merlo served the following interrogatory on Dr. Maxwell: "Have you ever received any treatment for alcohol or drug abuse from January of 1987 until the present and if so, when and at what institution and attach to these Interrogatories, a copy of your complete treatment record from that institution?"  Dr. Maxwell responded to this Interrogatory by stating: "On January 18, 1997, I voluntarily admitted myself to an alcohol rehabilitation/ treatment center for alcohol dependency, and I successfully completed that program.  I do not have possession of my 'complete treatment record.'"  The Trial Court refused to force Dr. Maxwell to supply any more information regarding his rehabilitation program and, instead, sustained Dr. Maxwell's objection to this question.

It is well settled that decisions with regard to pre-trial discovery matters rest within the sound discretion of the trial court.  The decision of the trial court in discovery matters will not be disturbed on appeal unless a clear abuse of

11

discretion is demonstrated.  <u>Benton v. Snyder</u>, 825 S.W.2d 409, 416 (Tenn. 1992) (citing <u>Paine v. Ramsey</u>, 591 S.W.2d 434, 436 (Tenn.1979).  We find no clear abuse of discretion at this time.

_____For the foregoing reasons the judgment of the Trial Court is vacated and the cause remanded for further proceedings consistent with this opinion.  Costs of appeal are adjudged against the Defendants.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.