IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
SEPTEMBER 17, 2009 Session

# METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY by and through THE OFFICE OF THE ASSESSOR OF PROPERTY v. LAMAR TENNESSEE, LLC d/b/a LAMAR ADVERTISING OF NASHVILLE

Direct Appeal from the Chancery Court for Davidson County
No. 06-1316-I     Claudia C. Bonnyman, Chancellor

No. M2009-00266-COA-R3-CV - Filed December 8, 2009

This case involves a subpoena issued by the Metropolitan Government of Nashville and Davidson County, on behalf of the Davidson County Assessor of Property, which required the appellant to provide information regarding its business operations. When the appellant did not comply with the subpoena, Metro filed a complaint seeking to enforce it. The trial court ruled that the appellant must provide the requested information. We reverse and remand for further proceedings.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded

ALAN E. HIGHERS, P.J.,W.S., delivered the opinion of the court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Lawrence P. Leibowitz, Jennifer L. Knapp, Knoxville, TN, for Appellant

Sue B. Cain, Director of Law; Lora Barkenbus Fox, Jeff Campbell, Assistant Metropolitan Attorneys, Nashville, TN, for Appellee

# MEMORANDUM OPINION[1]

## I.  FACTS & PROCEDURAL HISTORY

Lamar Tennessee, LLC d/b/a Lamar Advertising of Nashville ("Lamar") is in the outdoor advertising business and leases hundreds of locations in Davidson County on which it erects billboard signs.  In 2004, the Metropolitan Government of Nashville and Davidson County, on behalf of the Davidson County Assessor of Property ("Metro"), subpoenaed Lamar to appear at a hearing to produce information regarding its billboards.[2]  The subpoena not only required Lamar to provide testimony regarding its billboards, it also required it to produce documents providing the following information about every billboard owned or leased by Lamar: (1) its location, stated either as an address, coordinates, map and parcel number, company map location, or other means of identification; (2) the landowner's name and mailing address; (3) the lease terms applicable to each landowner, including the date the lease was signed, its term, renewal options or periods, base rent, whether the rent was prepaid, percentage of gross sign rent, the 2-year history of percentage of gross sign rent and dollars paid to the landowner, and the party responsible for paying the property tax on the land; and (4) the size and construction type of the billboard, including its date of installation, number of faces, and whether it is a rotary sign.  The subpoena provided that Lamar could either produce a copy of all leases it currently had in effect for billboard sites in Davidson County, or it could provide the aforementioned information in summary format "in the form of a database list in Excel or Access in hard copy and electronic format."  The subpoena stated that if a summary format was provided, the property assessor reserved the right to inspect any lease in order to verify the information in the summary format.

Lamar pays personal property taxes on its billboards.  The Property Assessor sought this information from Lamar not for the purpose of assessing Lamar's personal property taxes, but in order to assess the value of the real properties on which the billboards were located.  In other words, the information regarding Lamar's billboards would affect the real property taxes owed by the landowners.

Lamar did not appear at the scheduled hearing.  Lamar and the Property Assessor's office, by and through counsel, held discussions and attempted to negotiate regarding the subpoena over the next year.  The Property Assessor reissued the subpoena in March of 2006, again requesting the

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] We note that the 2004 subpoena is not included in the record before us, but according to the parties, it was "re-issued" in 2006, and the 2006 subpoena is in the record.

information regarding Lamar's billboards. When Lamar did not appear at the hearing or produce the requested information, Metro filed a complaint in chancery court, on May 24, 2006, seeking "to compel the attendance of witnesses and the production of documents pursuant to T.C.A. § 67-5-303 and § 18.10 of the Charter of the Metropolitan Government of Nashville and Davidson County." Tennessee Code Annotated section 67-5-303 provides, in relevant part:

> (a)(1) The assessor, in person or by a deputy, has the power and duty to examine any person believed to have any knowledge or information relating to the assessment of property of any taxpayer.
> (2) For such purpose, the assessor has the power to administer oaths and compel any witness to appear and to answer oral or written questions.
> . . . .
> (b) Any witness refusing to appear or to take such oath or make such answers, when called upon by the assessor to do so, commits a Class C misdemeanor.
> . . . .
> (d) The assessor or deputy assessor shall reduce to writing all statements made by the owner of any property interest or witness under the provisions of this section, and such statement shall be filed and maintained in the office of the assessor for a period of not less than three (3) years.

Section 18.10 of the Charter of the Metropolitan Government of Nashville and Davidson County provides:

> The council, the civil service commission, the board of education and every other officer and agency of the metropolitan government authorized to conduct investigations or to hold hearings shall have power to compel the attendance of witnesses and the production of books, papers and records pertinent to the investigation or hearing, and to administer oaths to witnesses. If any person fails or refuses to obey a reasonable order for attendance or reasonable order for the production of books and papers, the council, board or other agency is authorized to apply to the chancery court for an order requiring that the order of the council, board or other agency be obeyed.

Lamar filed an answer to the complaint, denying that either the statute or the Metro Charter provision applied to its situation and claiming that the Property Assessor's request was unreasonable. An agreed scheduling order was entered, setting deadlines for the completion of written discovery and depositions, and setting a trial date. Lamar subsequently filed a motion to compel discovery, claiming that Metro's answers to its interrogatories and requests for production of documents were incomplete, evasive, and inadequate.

The trial court held a hearing on Lamar's motion to compel discovery on February 8, 2008. We do not have a transcript of this hearing, and the court did not enter an order following the hearing. However, it is undisputed that the trial judge decided at the hearing that no further discovery would take place, and the judge ordered counsel for Lamar to file two separate motions to quash the Property Assessor's subpoena. First, Lamar was instructed to submit a motion to quash

detailing the Property Assessor's authority to request information via subpoena. Second, Lamar was instructed to prepare a motion to quash addressing the reasonableness of the Property Assessor's subpoena in the instant case.

Before Lamar filed its motions to quash, Metro submitted the affidavit of Dean Lewis, a Deputy Assessor of Property for the Davidson County Property Assessor's Office. Mr. Lewis stated that, in 2004, the Property Assessor's Office began evaluating the appraised values of all properties in Davidson County on which a billboard was located. He explained that the income from billboard leases must be considered when valuing the real property. According to Mr. Lewis, the Property Assessor's Office sent members of its staff into the field in 2005 to collect data regarding billboards, and they identified 878 billboards, mostly owned or operated by Lamar. However, Mr. Lewis described various problems encountered by the staff regarding the real property appraisals. He said that some of the billboards were located within easements on the landowners' properties, so that the landowners were not the actual lessors of the billboard site. Also, in some instances, the staff members could not definitively determine whether a billboard was located on a certain parcel of property because of its proximity to property lines. And finally, Mr. Lewis explained that the Property Assessor's Office needed to know the lease terms in order to properly determine the increase in property value due to the billboard. Mr. Lewis stated that only five billboard leases were found recorded in the Register of Deeds Office, and he said that the information Lamar reported for the personal property taxes it pays did not include the information now sought by the Property Assessor's Office. Therefore, the Property Assessor's Office determined that the "most economical and effective means" of verifying the billboard locations and accessing the lease data was to obtain the information from billboard companies.

On May 14, 2008, Lamar filed its first motion to quash the Property Assessor's subpoena, addressing the issue of the Property Assessor's authority. Lamar conceded that the Property Assessor was authorized to examine any person having knowledge relating to an assessment pursuant to Tennessee Code Annotated section 67-5-303, and it did not dispute that such authority existed regarding both real and personal property. However, Lamar contended that because the Property Assessor did not have "subpoena duces tecum powers," he lacked the authority to require a witness to produce documents. Lamar submitted a Senate bill from the 2006 Tennessee Legislative Session, which proposed an amendment to Tennessee Code Annotated section 67-5-303 that would have granted the Property Assessor "the power to issue subpoenas for documents, books, paper records or other data that may be related to the assessment of property of any taxpayer." However, the bill did not pass.

Lamar also contended that the Property Assessor did not have the authority to make unreasonable requests, in any form, on taxpayers. It claimed that it did not maintain a list containing the information sought by the Property Assessor and could not be forced to create one.

A hearing was held on this first motion to quash on July 24, 2008. The trial court subsequently entered an order incorporating its oral ruling from the bench.[3] The court first noted that it was undisputed that Metro could subpoena witnesses in order to reasonably investigate the value of personal and real property for taxation purposes. Next, the judge stated:

> And Metro has basically removed the legal issue of subpoena duces tecum because it takes the position that answers to written questions are just fine. So I'm not reaching the issue of the section in the Metro Charter that sets out what Metro agencies can do to investigate.
> All I'm going to do is rule that The Court will enforce . . . any mechanism, and in this case it's a subpoena, that provides written questions to Lamar and Lamar is required to provide written answers, because that is a practical, common-sense implied construction of 67-5-303.[4]

In sum, the court ruled that although a witness's "responses do not have to be exact copies of documents, such as leases, it is within the power of the Assessor to require a taxpayer to provide the information contained in those documents and to do so in a written format."

Lamar later filed its second motion to quash the subpoena, arguing that it was unreasonable. Lamar contended that the Property Assessor already had, or could easily obtain, much of the information that it was seeking, based upon Lamar's personal property tax records and the open and obvious nature of billboards. Lamar again claimed that it did not maintain lists such as the one sought by the Property Assessor, and that forcing it to compile one would be unreasonably disruptive to its business. Lamar insisted that it was unfair for it to be forced to provide confidential and proprietary information that would be used to its clients' detriment. Lamar further claimed that no other billboard companies or other commercial entities were required to produce information similar to that requested of Lamar. Lamar argued that discovery was necessary in order for it to properly address the issue of the fairness or reasonableness of the subpoena, in order to determine whether the Property Assessor already had access to the information requested, whether the Property Assessor had attempted to obtain the information by other means, and whether the information sought was relevant to the Property Assessor's duties.

Following another hearing, the trial court denied the motion to quash, ruling that the subpoena was reasonable and within the authority of the Property Assessor. However, rather than requiring Lamar to produce specific documents, such as the leases, the court phrased each of the subpoena's requests in the form of a question and required Lamar to answer the question. For example, the order required Lamar to answer the questions: "What is the location of each

---

[3] We have a transcript of the court's oral ruling, but not of the entire hearing.

[4] Again, Tennessee Code Annotated section 67-5-303(a)(2) provides that "the assessor has the power to administer oaths and compel any witness to appear and to answer oral or written questions."

-5-

billboard[?]" and "[W]hat is the landowner's name and mailing address?"  Lamar timely filed a notice of appeal.

## II.  ISSUES PRESENTED

Lamar presents the following issues for review, slightly restated:

1.      Does the Davidson County Property Assessor have the authority to issue a subpoena duces tecum?
2.      Did the trial court err in refusing to allow Lamar to proceed with discovery before ruling on the reasonableness of the subpoena?
3.      Was the subpoena reasonable?
4.      Did the trial court err in ordering Lamar to comply with the subpoena by answering questions composed by the court?

For the following reasons, we reverse the decision of the chancery court and remand for further proceedings.

## III.  STANDARD OF REVIEW

On appeal, a trial court's factual findings are presumed to be correct, and we will not overturn those factual findings unless the evidence preponderates against them.  Tenn. R. App. P. 13(d) (2008); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001).  For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect.  *Watson v. Watson*, 196 S.W.3d 695, 701 (Tenn. Ct. App. 2005) (citing *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *The Realty Shop, Inc. v. RR Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999)).  We review a trial court's conclusions of law under a *de novo* standard upon the record with no presumption of correctness.  *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)).  "Decisions with regard to pre-trial discovery matters rest within the sound discretion of the trial court" and "will not be reversed on appeal unless a clear abuse of discretion is demonstrated."  *Benton v. Snyder*, 825 S.W.2d 409, 416 (Tenn. 1992) (citing *Paine v. Ramsey*, 591 S.W.2d 434, 436 (Tenn. 1979)).

## IV.  DISCUSSION

On appeal, Lamar asks this Court to determine whether Metro, on behalf of the Property Assessor, has the authority to compel the production of documents through a subpoena duces tecum. However, as stated above, the trial court did not address this issue, stating that "Metro has basically removed the legal issue of subpoena duces tecum because it takes the position that answers to written questions are just fine."  On appeal, Metro similarly argues that Lamar was not required to produce specific documents, so long as it provided answers to its questions in writing.  Therefore, we will not address whether the Property Assessor is authorized to compel the production of specific

documents.  *See* **City of Memphis v. Shelby County Election Comm'n**, 146 S.W.3d 531, 539 (Tenn. 2004) (stating that "appellate courts will not render advisory opinions").

> Again, Tennessee Code Annotated section 67-5-303 provides, in pertinent part:
> (a)(1) The assessor, in person or by a deputy, has the power and duty to examine any person believed to have any knowledge or information relating to the assessment of property of any taxpayer.
> (2) For such purpose, the assessor has the power to administer oaths and compel any witness to appear and *to answer oral or written questions*.

(emphasis added).  Based upon this language, the trial court concluded that the Property Assessor was authorized to require a witness to provide written answers to its questions.  On appeal, Lamar does not challenge or even discuss the trial court's interpretation of the statute as requiring a witness to provide written answers to the Property Assessor's questions.  As such, we decline to address the issue *sua sponte*.

Lamar does argue that the Property Assessor's subpoena was unreasonable, and that the trial court erred in refusing to allow the parties to engage in further discovery prior to determining whether the  subpoena was reasonable.  We note that the statute does not expressly include a reasonableness requirement.  *See* Tenn. Code Ann. § 67-5-303.  However, the Property Assessor's statutory authority "appear[s] to constitute the functional equivalent of a subpoena power," Tenn. Op. Att'y Gen. 06-059 (2006), and subpoenas issued pursuant to the Tennessee Rules of Civil Procedure may not be unreasonable or oppressive.  Tenn. R. Civ. P. 45.07(1).  Both parties in this case agree that the statute implicitly requires that the Property Assessor's requests for information be reasonable.

As discussed, the trial court ruled on the issue of reasonableness despite the fact that the parties were still in the process of discovery.  The court did not address Lamar's motion to compel written discovery, and the parties did not even begin oral discovery.  In opposing Lamar's motion to compel discovery, Metro did not argue that discovery was not necessary.  Instead, it argued that its answers to written discovery were adequate and that the case was "ready for the next phase of discovery – depositions."  We do not have a transcript of the hearing on the motion to compel discovery, and the trial court did not enter an order following the hearing, but the parties agree that the trial court decided at the hearing that no further discovery would take place.  We conclude that the decision to deny the parties the opportunity to engage in further discovery constituted an abuse of discretion.  We express no opinion as to the merit of Lamar's motion to compel discovery, requesting that Metro be ordered to supplement its initial discovery responses.  The trial court may limit the discovery to only what is necessary for it to make an informed decision about whether Metro's questions to Lamar are "reasonable."  However, regardless of the trial court's ruling on that issue, the parties should be afforded an opportunity to engage in further discovery.

## V.   CONCLUSION

For the aforementioned reasons, we reverse the decision of the chancery court and remand for further proceedings. Costs of this appeal are assessed equally to the appellant, Lamar Tennessee, LLC d/b/a Lamar Advertising of Nashville, and its surety, and to the appellee, Metropolitan Government of Nashville and Davidson County, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.