IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 6, 2019 Session

**JOEL DIEMOZ, ET AL. v. ERIC HUNEYCUTT, ET AL.**

**Appeal from the Circuit Court for Montgomery County**
**No. CC-16-CV-1901        Ross H. Hicks, Judge**

_____

**No. M2018-01166-COA-R3-CV**
_____

The plaintiffs in this construction defect action appeal the trial court's dismissal of their case with prejudice for failure to comply with the court's orders. They also allege error concerning the trial court's refusal to recuse itself, the disqualification of counsel, and the decision to report counsel's conduct to the Tennessee Board of Professional Responsibility. We vacate the order of dismissal with prejudice and direct entry of dismissal without prejudice. We affirm the court's order in all other respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated in Part, Affirmed in Part; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Melissa A. Morris, Nashville, Tennessee, for the appellants, Joel and Elizabeth Diemoz.

Brian F. Walthart, Nashville, Tennessee, for the appellees, Eric Huneycutt; Huneycutt Investments, LLC; Huneycutt, LLC; Huneycutt Homebuilders, Inc.; and Huneycutt Properties, LP.

Stanley M. Ross, Clarksville, Tennessee, for the appellee, Huneycutt Realtors.

**OPINION**

**I.        BACKGROUND**

On September 9, 2016, Joel and Elizabeth Diemoz ("Plaintiffs") filed this action pro se, alleging defects in the construction of their home they purchased from a third

party.[1]  Plaintiffs named Eric Huneycutt; Huneycutt Investments, LLC; Huneycutt, LLC; Huneycutt Homebuilders, Inc.; and Huneycutt Properties, LP (collectively "Defendants") as defendants due to their involvement with the construction of their home.  They claimed that from the time of their closing in June 2015 through April 2016, they noticed problems with the foundation of their property.

Plaintiffs then filed an amended complaint signed by counsel, alleging the same facts.  Defendants moved for summary judgment, citing the applicable 4-year statute of repose for construction defect claims pursuant to Tennessee Code Annotated section 28-3-202.[2]  Defendants submitted an affidavit in which Eric Huneycutt attested that the home was built in 2012 and received its certificate of occupancy on August 18, 2012.

Plaintiffs then filed a motion requesting permission to file a second amended complaint, adding Huneycutt Realtors as a named defendant[3] and alleging that the defects were actually first noticed in April 2016, not June 2015 as originally pled.  Defendants argued that the requested amendment was clearly an attempt to avoid summary judgment pursuant to the statute of repose.  The matter came before the court for a hearing on October 20, 2017, after which the court allowed the amendment and granted Defendants 30 days from the date of the hearing to respond to the amended complaint.  The court directed counsel for Defendants to draft the order for the court's approval.

On October 25, Defendants forwarded the proposed order to Plaintiffs for approval.  Having received no response, Defendants again requested approval on October 27.  Having still received no response by November 7, Defendants served Plaintiffs with a copy of the proposed order that was then lodged with the court on November 9.  Plaintiffs did not object.  The court entered the order on November 22.  The order provided, in pertinent part, as follows:

> Plaintiffs have filed a proposed Second Amended Complaint with the Court, as attached to the Motion to Amend.  This proposed Second Amended Complaint will become the actual Second Amended Complaint

---

[1] Plaintiffs purchased the home from Matthew and Sara Hicks, who are not parties to this litigation.

[2] "All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, or construction of such an improvement within four (4) years after substantial completion of such an improvement."

[3] While the majority of the conflicts at issue on appeal involved the original defendants, the late added Huneycutt Realtors filed their own appellate brief supporting the court's decisions as it pertained to them.  Accordingly, we shall include them in our collective designation of defendants.

of record. Defendants will have thirty (30) days from the date of entry of this Order to file an Answer or other response to this Second Amended Complaint.

On December 12, Plaintiffs filed a motion for default judgment for failure to answer the amended complaint, alleging that the court's oral pronouncement differed from the written order that provided Defendants 30 days to respond. Plaintiffs, by attorney affidavit, attested that Defendants did not present the proposed order for approval before lodging the order with the court. On December 18, Defendants responded with a motion to compel discovery and a safe-harbor letter pursuant to Rule 11 of the Tennessee Rules of Civil Procedure,[4] advising Plaintiffs that a motion for sanctions would be filed if Plaintiffs did not withdraw their default motion within 21 days.

Defendants lodged their responses to the second amended complaint. As pertinent to this appeal, they denied liability and requested dismissal based upon the applicable statute of limitations and statute of repose. Defendants also responded to the default motion, alleging that the order was only submitted to the court when Plaintiffs failed to respond to defense counsel's attempt to secure approval of the draft. Huneycutt Realtors filed its own response to the default motion, alleging that the written order controlled the time for filing its responsive pleading pursuant to applicable law.

On January 10, 2018, Plaintiffs filed a motion to correct the November 22 order to conform to the ruling made on the record, namely the grant of 30 days from the time of the hearing to file a responsive pleading. On February 2, Defendants moved to disqualify Plaintiffs' counsel, Melissa Morris ("Counsel"), arguing that Counsel was a necessary fact witness concerning the timing of the discovery of the alleged defects. In sum, Defendants argued that Plaintiffs first lodged their complaint pro se, with the assistance

---

[4] Providing the trial court with the authority to impose monetary sanctions if counsel's conduct is in violation of Rule 11.02 of the Tennessee Rules of Civil Procedure, which provides as follows:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

of Counsel, a relative who had not yet obtained her license to practice law. Counsel then filed the amended complaint after she obtained her license. Defendants claimed that discussions between Counsel and Plaintiffs prior to the filing of the amended complaint were not privileged and were subject to discovery. Plaintiffs filed no response.

Defendants then filed a motion for Rule 11 sanctions on February 5, claiming that the default motion, which had not been withdrawn, was made for an improper purpose and that the allegations lacked evidentiary support. Plaintiffs filed no response.

The parties appeared before the court on February 16. On March 2, 2018, the trial court entered an order disposing of all outstanding motions. As pertinent to this appeal, the court denied the default motion and imposed Rule 11 sanctions against Counsel, finding that Counsel's position with respect to the time within which Defendants could answer the second amended complaint was without merit and had no basis in law or fact. The court found Counsel's statements made in support of her motion to be "egregious" and instructed Counsel that a copy of the order and relevant documents would be presented to the Tennessee Board of Professional Responsibility ("TBPR"). The court likewise granted the motion to disqualify Counsel and her firm and assessed a fine against her in the amount of $500, in addition to any additional amount of costs, fees, and expenses requested by Defendants and ultimately approved by the court. Lastly, the court ordered Plaintiffs to fully respond to discovery by May 2.

Plaintiffs, through Counsel, requested permission to pursue an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure[5] on April 3 at 12:07 a.m. Plaintiffs filed exhibits in support of its motion on April 9. The court denied the motion as untimely, finding that the motion was not fully filed until April 9, more than 30 days from the entry of the order appealed from. *See* Tenn. R. App. P. R. 9(b) ("The party seeking an appeal must file and serve a motion requesting such relief within 30 days after the date of entry of the order appealed from."). However, the court reduced its monetary fine against Counsel from $500 to $50. The court further ordered Counsel to pay the reduced fine and additional monetary fees imposed by the court by May 25[6] and ruled that any discovery motions would be heard on that day.

Meanwhile, Plaintiffs failed to respond to discovery requests, while Counsel failed to remit payment for her fines. On May 7, the court entered a show cause order requiring Counsel to appear on May 25 to show cause why she should not be held in contempt for failure to comply with the court's orders. On May 15, Defendants filed a motion for

---

[5] "[A]n appeal by permission may be taken from an interlocutory order of a trial court from which an appeal lies to the Supreme Court, Court of Appeals or Court of Criminal Appeals only upon application and in the discretion of the trial and appellate court."

[6] This included Defendants' claimed costs, fees, and expenses of $2,820.18 approved by the court.

- 4 -

sanctions against Plaintiffs pursuant to Rule 37 of the Tennessee Rules of Civil Procedure, requesting dismissal with prejudice.

On May 24, the day before the scheduled hearing, Plaintiffs, through Counsel's firm, filed a motion, entitled "Motion to Amend Order and for Recusal of Judge," in which Plaintiffs again sought permission to appeal the disqualification and moved for recusal of the trial judge. Plaintiffs also sought a continuance, citing their unavailability and the pending motion for recusal.

The case proceeded to a hearing on the outstanding motions as previously scheduled on May 25. Neither Plaintiffs nor Counsel attended the hearing. The court denied the motion to recuse as untimely and procedurally deficient. The court then dismissed the case pursuant to Rule 37 due to "the delay of Plaintiffs in failing to comply with the Rules of Civil Procedure as they relate to written discovery, the failure of Plaintiffs to comply with the orders of the court, and the inexcusable delay caused by Plaintiffs' conduct."

This appeal followed in which Plaintiffs, through disqualified Counsel, filed a brief raising numerous issues without regard to the Tennessee Rules of Appellate Procedure. Defendants request waiver of the issues presented as a result of the state of the brief. We agree that there are a multitude of problems with the brief and that Plaintiffs failed to comply with the requirements. However, we will briefly address the issues raised as pertinent to this appeal in the event of further appellate review.

## II. ISSUES

We consolidate and restate the issues on appeal as follows:

A.      Whether the court erred in its denial of the motion to recuse.

B.      Whether the court erred in its dismissal of the case.

C.      Whether the court erred in its reporting of Counsel to the TBPR.

D.      Whether the court erred in its disqualification of counsel.

E.      Whether Defendants are entitled to attorney fees on appeal.

## III.    ANALYSIS

### A.

We review a trial court's ruling on a motion for recusal under a de novo standard of review with no presumption of correctness. Tenn. Sup. Ct. R. 10B § 2.01. Rule 10B of the Rules of the Supreme Court of the State of Tennessee provides, in pertinent part, as follows:

> Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a *timely filed written motion*. The motion *shall be supported by an affidavit under oath* or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. A party who is represented by counsel is not permitted to file a pro se motion under this rule.

(Emphasis added.). As this Court has explained: "recusal motions must be filed promptly after the facts forming the basis for the motion become known, and the failure to assert them in a timely manner results in a waiver of a party's right to question a judge's impartiality." *Duke v. Duke*, 398 S.W.3d 665, 670 (Tenn. Ct. App. 2012) (quoting *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998) (internal citations omitted)). "[A] party may lose the right to challenge a judge's impartiality by engaging in strategic conduct" such as waiting for an unfavorable ruling before filing for recusal. *Id.*

Here, Plaintiffs filed their motion to recuse the day before the scheduled hearing. The motion was also not supported by an affidavit and was filed by a firm previously disqualified by the trial court. Under these circumstances, we find no error in the court's denial of the recusal motion.

### B.

Trial courts have broad authority in discovery matters, including the scope of discovery, *Benton v. Snyder*, 825 S.W.2d 409, 416 (Tenn. 1992), the time permitted for discovery, *Payne v. Ramsey*, 591 S.W.2d 434, 436 (Tenn. 1979), and the imposition of sanctions for abuse of discovery, *Brooks v. Uniform Co.*, 682 S.W.2d 913, 915 (Tenn. 1984). Tennessee Rule of Civil Procedure 37.02 authorizes a trial court to impose penalties for violation of pretrial procedures contained in Rules 26 through 36.

Subsection (C) authorizes the trial court to enter an order "dismissing the action or proceeding or any part thereof" for failure to obey an order to provide or permit discovery. Tenn. R. Civ. P. 37.02(B).

> This court has provided the following guidance in such cases:
>
> > Dismissal for failure to prosecute or failure to abide by discovery rules is a severe sanction that runs counter to the judicial system's general objective of disposing of cases on the merits. For this reason, the judiciary generally favors lesser sanctions when appropriate. But the effectiveness of discovery and procedural rules would diminish if trial courts lacked ample authority to sanction their violation.

*Langlois v. Energy Automation Sys., Inc.*, 332 S.W.3d 353, 357 (Tenn. Ct. App. 2009) (internal citations and quotations omitted) (upholding the Rule 37 dismissal of the action with prejudice). Dismissal is normally appropriate only where there has been a "clear record of delay or contumacious conduct." *See Shahrdar v. Global Housing, Inc.*, 938 S.W.2d 230, 236 (Tenn. Ct. App. 1998). The power to dismiss a party's claims is best exercised infrequently and only when the punishment fits the offense. *Pegues v. Ill. Cent. R.R. Co.*, 288 S.W.3d 350, 354 (Tenn. Ct. App. 2008).

However, a dismissal for failure to comply with a discovery order will not be disturbed by this court in the absence of an affirmative showing that the trial court abused its discretion. *Alexander v. Jackson Radiology Assocs.*, 156 S.W.3d 11, 14 (Tenn. Ct. App. 2004); *Holt v. Webster*, 638 S.W.2d 391, 394 (Tenn. Ct. App. 1982). An abuse of discretion occurs where the trial court has applied an incorrect legal standard or where its decision is illogical or unreasoned and causes an injustice to the complaining party. *See Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004). "We are not permitted to substitute our judgment for that of the trial court." *Caldwell v. Hill*, 250 S.W.3d 865, 869 (Tenn. Ct. App. 2007).

Plaintiffs claim that dismissal with prejudice for failure to comply with a court order that had been appealed pursuant to Rule 9 was inappropriate. The record reflects that Plaintiffs did not file a motion to stay the proceeding pending the outcome of its motion for permission to appeal. *See* Tenn. R. App. P. R. 9(f) ("The application for permission to appeal or the grant thereof shall not stay proceedings in the trial court unless the trial court or the appellate court or a judge thereof shall so order."). However, much of Plaintiffs' delay throughout the case was a result of Counsel's longstanding failure to respond and her disregard of the court's orders, including her continued representation following the court's removal of her from the case. Plaintiffs were given approximately two months to respond to discovery, presumably pro se or with a newly hired attorney. Accordingly, we agree with the court's dismissal of the action but ultimately conclude that a dismissal *with prejudice* under these circumstances would

cause an injustice to Plaintiffs when the merits of the case were not considered by the trial court. Accordingly, we vacate the court's dismissal of the action with prejudice and direct the court to enter an order dismissing the action without prejudice.

## C.

Plaintiffs next take issue with the court's decision to inform the TBPR of Counsel's actions. Notably, Plaintiffs offer no argument claiming that the court's imposition of sanctions was error or that the court acted without legal authority in notifying the TBPR of Counsel's conduct. Rule 10 Rules of the Supreme Court of the State of Tennessee provides as follows:

> A judge having knowledge that a lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question regarding the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects shall inform the appropriate authority.

Tenn. S. Ct. R. 10, RJC 2.15(B). Having reviewed the record, we find no error in the court's decision to inform the appropriate authority of Counsel's conduct.

## D.

Plaintiffs next take issue with Counsel's disqualification due to her status as a necessary fact witness. Again, Plaintiffs offer very little in the form of argument in support of their position, merely claiming that disqualification is a "drastic remedy" that is subject to "strict judicial scrutiny." The issue of attorney disqualification is yet another decision subject to the discretion of the trial court. *Clinard v. Blackwood*, 46 S.W.3d 177, 182 (Tenn. 2001) ("A trial court's ruling on attorney disqualification, or the vicarious disqualification of that attorney's firm, will be reversed only upon a showing of an abuse of discretion."). In Tennessee:

> (a)     A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1)     the testimony relates to an uncontested issue;
>
> (2)     the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3)     disqualification of the lawyer would work substantial hardship on the client.

Tenn. Sup. Ct. R. 8, RPC 3.7. The comments to this rule provide, in pertinent part, as follows:

> The tribunal has a proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The opposing party has a proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

Tenn. Sup. Ct. R. 8, RPC 3.7 cmt (1).

Here, Counsel was not licensed to practice law prior to the filing of the suit, thereby establishing that her discussions with Plaintiffs prior to her licensure were not subject to the attorney-client privilege. *See generally* Tenn. Code Ann. § 23-3-105 (codifying the attorney-client privilege once recognized at common law). Defendants intend to illicit testimony from Counsel concerning the main issue at trial, namely when the construction defects were discovered. With all of the above considerations in mind, we affirm the court's disqualification of counsel.

E.

Defendants request attorney fees on appeal pursuant to Tennessee Code Annotated section 27-1-122, which provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

The decision whether to award damages for a frivolous appeal rests solely in our discretion. *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009). "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." *Indus. Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). Exercising our discretion in such matters, we decline the request for attorney fees on appeal.

## IV. CONCLUSION

We vacate the court's dismissal of the action with prejudice and remand for entry of an order of dismissal without prejudice. We affirm the decision of the trial court in all other respects and remand for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellants, Joel and Elizabeth Diemoz.

_____
JOHN W. MCCLARTY, JUDGE